**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDWIN NAVARRO, | : | |
| | : | |
| Appellant | : | No. 645 MDA 2018 |

Appeal from the Judgment of Sentence Entered March 19, 2018
in the Court of Common Pleas of Adams County
Criminal Division at No(s):  CP-01-CR-0001106-2017

BEFORE:  GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:               **FILED DECEMBER 12, 2018**

Edwin Navarro ("Navarro") appeals from the judgment of sentence entered following his negotiated guilty plea to driving under the influence of controlled substances ("DUI") (first degree misdemeanor), as a third offense for sentencing purposes.[1]  Counsel for Navarro has filed an Application to Withdraw ("Application") from his representation of Navarro, and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We grant counsel's Application and affirm Navarro's judgment of sentence.

On December 14, 2017, Navarro pled guilty to DUI.  Pursuant to the negotiated plea agreement, Navarro was to serve "60 months [of] intermediate punishment[,] with 12 months restrictive and the remainder on

---

[1] **See** 75 Pa.C.S.A. § 3802(d)(1)(i).

restorative sanctions." Trial Court Opinion, 5/18/18, at 1. On January 11, 2018, the trial court sentenced Navarro to 60 months of county intermediate punishment, with 12 months to be served on restrictive intermediate punishment. Of those 12 months, Navarro was to serve 8 months in the Adams County Prison, and four months under house arrest.

On February 7, 2018, Navarro timely filed a Notice of Appeal. On February 8, 2018, the trial court entered an Order directing Navarro to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. Notwithstanding, the next day, on February 9, 2018, the trial court entered an Order vacating Navarro's judgment of sentence, and scheduling a new sentencing hearing for March 19, 2018. On February 12, 2018, Navarro withdrew his appeal of the January 11, 2018 judgment of sentence.

On March 19, 2018, following a hearing, the trial court again sentenced Navarro to 60 months of county intermediate punishment, with 12 months to be served on restrictive intermediate punishment. Once again, the trial court required Navarro to serve 8 months in the Adams County Prison, and four months under house arrest. Navarro timely filed a Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. Thereafter, counsel filed the Application and an **Anders** brief.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's

request to withdraw." ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

> Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago***.  The brief must:
>
>> (1) provide a summary of the procedural history and facts, with citations to the record;
>>
>> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>>
>> (3) set forth counsel's conclusion that the appeal is frivolous; and
>>
>> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> ***Santiago***, 978 A.2d at 361.  Counsel also must provide a copy of the ***Anders*** brief to his client.  Attending the brief must be a letter that advises the client of his right to:  "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007), ***appeal denied***, 594 Pa. 704, 936 A.2d 40 (2007).

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014).

Here, the Application states that counsel has reviewed the record and concluded that the appeal is frivolous.  Application, 7/9/18, at ¶ 2.  Counsel states that he has notified Navarro of his intention to withdraw, furnished Navarro with copies of the Application and ***Anders*** Brief, and advised Navarro of his right to retain new counsel or proceed *pro se* to raise any points he

believes worthy of this Court's attention.  *Id.* at ¶ 4, Exhibit E.  Accordingly, counsel has satisfied the procedural requirements of *Anders*.

Counsel's *Anders* Brief also comports with the requirements of *Santiago*, as it includes a summary of the relevant history of the case, identifies two potential claims for review, and states counsel's conclusion that the claims are without merit and frivolous.  Accordingly, counsel has complied with the minimum requirements of *Anders*/*Santiago*.

The *Anders* Brief presents the following claims for our review:

> [A.] Whether the [sentencing] court abused its discretion by denying [Navarro's] request to serve his sentence in house arrest for more than one[-]third of his sentence, while sentencing him to serve two[-]thirds in the Adams County Prison[?]
>
> [B.] Whether the Commonwealth timely filed the current charges[?]

*Anders* Brief at 6.[2]

The *Anders* Brief first challenges the discretionary aspects of Navarro's sentence.  "A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." *Commonwealth v. Grays*, 167 A.3d 793, 815 (Pa. Super. 2017).  Prior to reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal

_____

[2] There is no *pro se* filing by Navarro.

- 4 -

defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Grays**, 167 A.3d at 815-16 (citation omitted).

Here, Navarro timely filed his Notice of Appeal and arguably preserved his claim at sentencing. **See** Trial Court Opinion, 5/18/18, at 1 (wherein the trial court acknowledges Navarro's request at sentencing to deviate from the "standard arrangement" regarding the serving of his sentence in the county re-entry facility and on house arrest). Counsel has included in the **Anders** Brief a statement of reasons relied upon for allowance of appeal, as required by Pa.R.A.P. 2119(f). Accordingly, we next consider whether Navarro has raised a substantial question that the sentence imposed is not appropriate under the Sentencing Code. **See Grays**, 167 A.3d at 816.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Battles**, 169 A.3d 1086, 1090 (Pa. Super. 2017). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Id.** (citation omitted).

Here, Navarro claims that the trial court failed to consider his ability to maintain employment, and that incarceration would force Navarro to change his treatment plan. **Anders** Brief at 10. This Court has held that "a claim of

- 5 -

inadequate consideration of mitigating factors does not raise a substantial question for our review." **Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa. Super. 2013) (citation omitted); **cf. Commonwealth v. Caldwell**, 117 A.3d 763, 769-70 (Pa. Super. 2015) (*en banc*) (recognizing that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question."). Thus, Navarro's claims fail to raise a substantial question.[3]

Navarro also claims that the Commonwealth failed to timely file the criminal case because he committed another DUI offense between the time of the incident and the sentencing date. **Anders** Brief at 14. However, as counsel points out, the Commonwealth was required to file any charges within *two years* of the incident, pursuant to 42 Pa.C.S.A. § 5552(a). **Anders** Brief at 14. Thus, Navarro's claim lacks merit because the Commonwealth timely filed the charges.

Finally, our independent review of the record discloses no additional non-frivolous issues that could be raised on appeal. We therefore grant counsel's Application, and affirm Navarro's judgment of sentence.

---

[3] In addition, there is no merit to Navarro's sentencing claim, as the trial court acted within its discretion in sentencing Navarro.

Application to Withdraw granted.  Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/12/2018