J-S61043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARTOR BROWN | : | |
| | : | |
| Appellant | : | No. 2759 EDA 2017 |

Appeal from the Judgment of Sentence July 5, 2017
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0000915-2017

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA, J.              **FILED MARCH 05, 2019**

Gartor Brown appeals from the judgement of sentence entered in the Chester County Court of Common Pleas on July 5, 2017. He argues the court abused its discretion in sentencing Brown outside the standard guidelines range thereby fashioning an excessive sentence without addressing his rehabilitative needs. He also argues the court abused its discretion in relying on impermissible factors when imposing an aggravated range sentence. We affirm.

On June 14, 2017, following a non-jury trial, Brown was found guilty of aggravated harassment by prisoner. He was found not guilty of possessing an instrument of crime. On July 5, 2017, Brown was sentenced to 24-28 months in prison. During the same hearing, he was also sentenced for unrelated

charges of Burglary, Theft by Unlawful Taking and Criminal Trespass. The sentences were imposed to run consecutively.

On July 14, 2017, Brown filed a motion to modify sentence. The trial court denied his motion. This timely appeal followed.

On appeal, Brown raises two challenges to the trial court's exercise of discretion in imposing sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (some internal citations omitted). Brown has satisfied the first three requirements: he timely filed a notice of appeal, he sought reconsideration of his sentence in a post-sentence motion, and he has included a Rule 2119(f) statement in his brief to this Court. We next consider whether he has raised a substantial question for our review.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Battles***, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question

exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Foust*, 180 A.3d 416, 439 (Pa. Super. 2018) (citation omitted).

First, Brown argues that the trial court abused its discretion by sentencing him outside the standard guideline range thereby fashioning an excessive sentence without addressing his rehabilitative needs as required by 42 Pa. C.S.A. 9721(b). Appellant's brief, at 14. The guideline range here was twelve to eighteen months in the standard range, plus or minus six in the aggravated or mitigated range.[1] Brown was sentenced within the aggravated range, at twenty-four to forty-eight months.

A "bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim." *Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa. Super. 2012) (citation omitted). However, an excessive sentence claim, in conjunction with a claim that the trial court failed to properly consider mitigating factors, raises a substantial question. *See Commonwealth v.*

---

[1] Based on the guidelines that have been adopted by the Pennsylvania Commission on Sentencing, this range would indicate a prior record score of three. We could not independently verify the prior record score based on the record in front of us, but note that this range has been uncontested. *See* Appellant's Brief, at 4.

*Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014). Here, Brown argues that the sentence is excessive, and that the trial court failed to adequately consider his rehabilitative needs. Pursuant to *Raven*, he has raised a substantial question, and we proceed to address the substance of his argument.

Brown centers his first issue around the contention that the trial court failed to adequately consider his rehabilitative needs. The trial court made it clear at sentencing that one of its main concerns was that Brown repeatedly committed crimes while on probation and parole, and thus has not been amenable to rehabilitation while under supervision. *See* N.T., Sentencing, 7/5/17, at 16. Admittedly, the sentencing court did not explicitly address Brown's rehabilitative needs. However, the court concluded, "The problem is you're committing crimes while you're on probation and parole. And that to me is an aggravating factor." *Id*., at 16. Thus, the court considered Brown's rehabilitative needs; it merely found they he had failed to be amenable to rehabilitation as evidenced by his supervision status at the time of the current offense, and prior offenses.

Further, we note that the trial court reviewed a pre-sentence report. Where the trial court had the benefit of reviewing a pre-sentence report, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that

sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) (citing *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)). As the trial court in this case had the benefit of a pre-sentence report[2], combined with the trial court's explicit consideration of Brown's probationary status at the time of his offenses, the seriousness of the offense, and the impact on the victim, we conclude that it considered all relevant sentencing factors. Thus, Brown's first issue on appeal merits no relief.

In his final argument, Brown contends the trial court relied upon impermissible factors in imposing an aggravated sentence. Specifically, he argues the trial court relied on his prior convictions and the elements of the offense in imposing an aggravated sentence. A claim that a sentencing court imposed a sentence outside the standard guidelines without stating adequate reasons on the record presents a substantial question. *See Commonwealth*

---

[2] Brown did not note any changes or corrections to the pre-sentence report when given the opportunity. *See* N.T., Sentencing, 7/5/17, at 2.

*v. Antidormi*, 84 A.3d 736, 759 (Pa. Super. 2014) (citation omitted).

Therefore, we conclude that Brown has presented a substantial question.

Brown's argument challenges the imposition of a term of imprisonment in the aggravated range of the sentencing guidelines. For such challenges, the following standard of review has been set forth.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006) (quoting *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006)).

It is well-established that Pennsylvania has an indeterminate guided sentencing scheme. *See Commonwealth v. Yuhasz*, 923 A.2d 1111, 1117 (Pa. 2007). The sentencing judge is required to consider the sentencing guidelines that have been adopted by the Pennsylvania Commission on Sentencing. *See* 42 Pa.C.S.A. § 9721(b). It is recognized however that the sentencing guidelines are purely advisory in nature and are merely one factor among many that the court must consider in imposing a sentence. *See Yuhasz*, 923 A.2d at 1118. "[A] trial court judge has wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence in the aggravated range." *Shugars*, 895 A.2d at 1275.

It is impermissible for a court to consider factors already included within the sentencing guidelines as the sole reason for increasing or decreasing a sentence to the aggravated or mitigated range. Trial courts are permitted to use prior conviction history and other factors already included in the guidelines, if they are used to supplement other extraneous sentencing information.

*Id*., at 1275 (quotation omitted).

In imposing sentence, the trial court provided the following reasoning.

The other victim is the prison guard, Correctional Officer McGroaty. And whether Mr. Brown knew it or not, the fact of throwing feces on him clearly frightened Mr. McGroaty. As a prison guard you expect certain indignities, but not that. He really had no connection to Mr. Brown. He happened to be the guy on shift to get your food from you.

If you look at the seriousness of the crime, it's a very serious crime to do that. Imagine you or anybody else, a member of your family, someone came up on the street and flung feces at them, how upset they would be. It's a very dangerous crime. On the danger to the public, the last factor, other than the theft, but basically in 2011 you had a criminal trespass, 2012 a loitering, 2015 marijuana, 2015 receiving stolen property, 2016 identity theft, 2016 receiving stolen property. The problem is you're committing crimes while you're on probation and parole. And that to me is an aggravating factor.

N.T., Sentencing, 7/5/17, at 16.

We conclude the record belies Brown's claim. First, the sentencing court did not rely on his prior convictions as the sole reason for imposing aggravated range sentences. While the trial court did consider Brown's prior criminal history in a negative light, it conditioned this consideration on the fact that Brown repeatedly committed crimes while on supervision, indicating that Brown had consistently failed to rehabilitate himself in any manner. This is a

circumstance distinct from the purely mechanical consideration of a prior record score. Furthermore, the trial court noted his history of committing offenses while on probation and parole to demonstrate the danger he presents the public. That the court may not exclusively use criminal history in sentencing does not mean that it must ignore it.

As we have concluded that the court relied on permissible factors in sentencing Brown in the aggravated range, we find his contention that the court impermissibly relied on elements already included in the offense equally without merit. Although the court noted elements of the offense, they were not the only factors relied upon in sentencing Brown in the aggravated range. Further, the court considered the elements of the offense to demonstrate the impact the offense had on the victim, a permissible consideration under the sentencing code. ***See id.***, at 16; ***See also*** 42 Pa. C.S.A. 9721(b).

The circumstances are certainly sufficient to justify the trial court's aggravated sentence. We conclude that the trial court did not abuse its discretion, and therefore Brown's final argument merits no relief.

As we conclude none of Brown's issues on appeal merit relief, we affirm the judgement of sentence.

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/5/19