**COMMONWEALTH of Pennsylvania,** Appellee

v.

Ricky Lynn **BATTLES,** Appellant

No. 46 WDA 2017

Superior Court of Pennsylvania.

Submitted May 30, 2017
Filed August 21, 2017

Edward J. Hatheway, Meadville, for appellant.

Francis J. Schultz, District Attorney, Meadville, for Commonwealth, appellee.

BEFORE: BENDER, P.J.E., BOWES, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:

Ricky Lynn Battles (Appellant) appeals from the judgment of sentence of 35 years to life imprisonment following a resentencing hearing in accordance with *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012),[1] and *Montgomery v. Louisiana*, —— U.S. ——, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016).[2] We affirm.

---

* Retired Senior Judge assigned to the Superior Court.

1. *Miller* held that mandatory sentences of life imprisonment without possibility of parole imposed upon individuals who were juveniles at the time they committed homicides were unconstitutional.

2. *Montgomery* overruled our Supreme Court's decision in *Commonwealth v. Cunningham*, 622 Pa. 543, 81 A.3d 1 (2013) by holding that *Miller* announced a new substantive rule of law which applies retroactively.

A prior panel of this Court summarized the relevant factual and procedural history of this matter as follows.

Pursuant to a plea bargain [Appellant] pled guilty generally to criminal homicide in connection with the shooting death of his uncle, Jerome Nagorski, which occurred in 1977 [when Appellant was sixteen]. A three-judge panel determined the degree of guilt to be murder in the first degree. Post-verdict motions were denied, [a sentence of life imprisonment was imposed in February 1978], and [Appellant] appealed the finding of the panel to the [this Court. This Court] affirmed the [trial] court's judgment of sentence, [ ] 417 A.2d 779 ( [Pa. Super.] 1979). [Appellant] then filed a petition to withdraw his guilty plea *nunc pro tunc* with the [trial court. Appellant's] petition was denied, [and he appealed, alleging ineffective assistance of counsel and a defective guilty plea].

*Commonwealth v. Battles*, 496 A.2d 849 (Pa. Super. 1985) (unpublished memorandum at 1). This Court affirmed the order denying Appellant's petition on May 17, 1985. *Id.* This case saw no further proceedings until 2012 when Appellant untimely filed a *pro se* PCRA petition, averring he was entitled to a resentencing hearing based upon the United States Supreme Court decision in *Miller*. The PCRA court ultimately denied the petition and this Court affirmed, based upon our Supreme Court's ruling in *Cunningham*, that *Miller* did not apply retroactively to those seeking relief on collateral review. *Commonwealth v. Battles*, 105 A.3d 41 (Pa. 2014).

On February 22, 2016, following the United States Supreme Court's decision in *Montgomery*, Appellant, through counsel, filed a PCRA petition contending that Appellant's sentence should be vacated and he was entitled to a resentencing hearing in accordance with the cases cited *supra.* The PCRA court agreed.

On December 9, 2016, Appellant was resentenced to 35 years to life imprisonment with 39 years and 16 days credit. Appellant's post-sentence motion to modify his sentence was denied, and this appeal followed.[3]

Appellant presents two issues for our review, both of which center on his allegations that his sentence to a maximum term of life imprisonment is illegal under *Miller* and *Commonwealth v. Batts* (*Batts I* ), 620 Pa. 115, 66 A.3d 286 (2013). Appellant's Brief at 10. Specifically, Appellant avers the "sentencing court erred as a matter of law when it imposed a maximum incarceration sentence of life imprisonment[,]" or in the alternative, the sentencing court abused its discretion when sentencing him to a maximum life term for a murder committed when he was a juvenile. *Id.* We address these issues sequentially.

■ With respect to the former claim, we bear in mind the following.

It is [ ] well-established that [i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Issues relating to the legality of a sentence are questions of law[.] .... Our standard of review over such questions is *de novo* and our scope of review is plenary.

---

**3.** Both Appellant and the sentencing court complied with Pa.R.A.P. 1925. The sentencing court submitted a brief statement, in lieu of a formal opinion, providing "that all of the issues in support of his appeal have been previously rejected by the Pennsylvania Supreme Court in the case of *Commonwealth v. Batts*, 620 Pa. 115, 66 A.3d 286 ( [Pa.] 2013)." Trial Court Opinion, 1/12/2017.

*Commonwealth v. Cardwell*, 105 A.3d 748, 750 (Pa. Super. 2014) (citations and quotations omitted).

Appellant contends that the sentencing court's imposition of a maximum term of incarceration of life is unconstitutional, and in contravention of well-established case law. Appellant's Brief at 17–18. Specifically, Appellant cites *Batts I*, in which our Supreme Court recognized "that *Miller's* rationale—emphasizing characteristics attending youth—militates in favor of individualized sentencing for those under the age of eighteen both in terms of minimum and maximum sentences." 66 A.3d at 296. Appellant's Brief at 17.

Upon review, we agree with both the sentencing court and the Commonwealth that *Batts I* is controlling in this case. A narrow reading of the *Batts I* language cited *supra*, which is present in Appellant's brief, appears to suggest that Appellant's position concerning the legality of imposing a maximum term of life imprisonment for juvenile offenders has merit. However, Appellant has taken those words out of context. Our Supreme Court's ultimate decision was that not only is the imposition of such a sentence legal, it is mandated in some instances.

Appellant's argument that the entire statutory sentencing scheme for first-degree murder has been rendered unconstitutional as applied to juvenile offenders is not buttressed by either the language of the relevant statutory provisions or the holding in *Miller*. Section 1102, which mandates the imposition of a life sentence upon conviction for first-degree murder, *see* 18 Pa.C.S. § 1102(a), does not itself contradict *Miller*; it is only when that mandate becomes a sentence of life-without-parole as applied to a juvenile offender—which occurs as a result of the interaction between Section 1102, the Parole Code, *see*

61 Pa.C.S. § 6137(a)(1), and the Juvenile Act, *see* 42 Pa.C.S. § 6302—that *Miller's* proscription squarely is triggered. *Miller* neither barred imposition of a life-without-parole sentence on a juvenile categorically nor indicated that a life sentence with the possibility of parole could never be mandatorily imposed on a juvenile. Rather, *Miller* requires only that there be judicial consideration of the appropriate age-related factors set forth in that decision prior to the imposition of a sentence of life imprisonment without the possibility of parole on a juvenile.

We recognize, as a policy matter, that *Miller's* rationale—emphasizing characteristics attending youth—militates in favor of individualized sentencing for those under the age of eighteen both in terms of minimum and maximum sentences. **In terms of the actual constitutional command, however, *Miller's* binding holding is specifically couched more narrowly. ("We ... hold that the Eighth Amendment forbids a sentencing scheme that mandates life in prison *without possibility of parole* for juvenile offenders."). The High Court thus left unanswered the question of whether a life sentence with the possibility of parole offends the evolving standards it is discerning.**

\* \* \*

We recognize the difference in treatment accorded to those subject to non-final judgments of sentence for murder as of *Miller's* issuance and those convicted on or after the date of the High Court's decision. As to the former, it is **our determination here that they are subject to a mandatory maximum sentence of life imprisonment as required by Section 1102(a), accompanied by a minimum sentence determined by the common pleas court upon resentenc-**

ing. Defendants in the latter category are subject to high mandatory minimum sentences and the possibility of life without parole, upon evaluation by the sentencing court of criteria along the lines of those identified in *Miller*. *See* 18 Pa. C.S. § 1102.1. Nevertheless, in the absence of a claim that such difference violates constitutional norms, we have interpreted the statutory provisions applicable to Appellant (and all others similarly situated) in accord with the dictates of the Eighth Amendment as set forth in *Miller,* as well as the Pennsylvania Legislature's intent as reflected in the relevant statutory provisions.

*Batts I*, 66 A.3d at 295–297 (emphasis added; some citations omitted). This holding was reaffirmed by our Supreme Court in a subsequent appeal filed by Batts. *Commonwealth v. Batts* (*Batts II* ), 163 A.3d 410, 445, 2017 WL 2735411, at *25 (Pa. 2017) ("Despite the passage of four years since we issued our decision in *Batts I*, the General Assembly has not passed a statute addressing the sentencing of juveniles convicted of first-degree murder pre–*Miller*, nor has it amended the pertinent provisions that were severed in *Batts I*. As we have previously stated, the General Assembly is quite able to address what it believes is a judicial misinterpretation of a statute, and its failure to do so in the years following the *Batts I* decision gives rise to the presumption that the General Assembly is in agreement with our interpretation.") (citations, quotations, and footnote omitted).

Accordingly, in light of the prevailing case law, Appellant's sentence to a maximum term of life imprisonment is legal. Thus, Appellant's first issue warrants no relief.

■ With respect to his second and final issue, Appellant avers that the sentencing court's imposition of a maximum term of life was an abuse of discretion. This claim implicates the discretionary aspects of Appellant's sentence. Accordingly, we are mindful of the following.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his [or her] sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

The record reflects that Appellant timely filed a notice of appeal and that Appellant preserved the issue by timely filing a motion for reconsideration of his sentence. Furthermore Appellant included in his brief a statement pursuant to Pa.R.A.P. 2119(f).

■ We now consider whether Appellant has presented substantial questions for our review. The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of

the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

In his 2119(f) statement Appellant avers that he

> believes that he has initially set forth a substantial question that the maximum term component of his sentence of life imprisonment is excessive and/or that he has initially established that a fundamental norm underlying the sentencing process has been violated in this case.

Appellant's Brief at 14 (italics omitted). Appellant fails to elaborate as to what fundamental norm was violated during sentencing. Furthermore, the remainder of Appellant's 2119(f) statement merely reiterates his arguments that the sentence to a maximum term of life imprisonment is illegal under the case law cited above. Therefore, after review, we find Appellant has failed to raise a substantial question.

█ Regardless, even if we were to address the merits of his claim, Appellant would not be entitled to relief. As stated *supra*, this mandatory maximum sentence was upheld by our Supreme Court. ***See Batts I***, 66 A.3d at 297 ("[I]t is our determination here that [those sentenced prior to ***Miller*** who must now be resentenced] are subject to a mandatory maximum sentence of life imprisonment as required by Section 1102(a), accompanied by a minimum sentence determined by the common pleas court upon resentencing."). Because the sentencing court had no discretion when imposing a mandatory maximum of life imprisonment, the court could not have abused its discretion in doing so.

In light of the foregoing, after a thorough review of the record and briefs in this case, we are unconvinced that any of Appellant's arguments entitles him to relief.

Judgment of sentence affirmed.