J-S06027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICARDO CAMPOS | : | |
| | : | |
| Appellant | : | No. 1690 EDA 2018 |

Appeal from the Judgment of Sentence May 3, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001461-1993

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED JUNE 13, 2019**

Appellant, Ricardo Campos, appeals from the May 3, 2018 Judgment of Sentence, which resentenced him to a term of 30 years and 6 months to life imprisonment, following his jury conviction for First-Degree Murder and Possession of an Instrument of Crime ("PIC")[1] for the 1994 shooting death of David Viera ("Decedent") when Appellant was 15 years old. Appellant challenges the legality of his sentence, asserting that his resentence to a maximum of life imprisonment is unconstitutional. After careful review, we affirm.

A detailed recitation of the procedural and factual history is unnecessary to our disposition. Briefly, on May 27, 1994, 15-year-old Appellant was at his sister's apartment when he shot and killed 17-year-old Decedent, who was his

_____

[1] 18 Pa.C.S. §§ 2502(a) and 907, respectively.

sister's boyfriend, after a fight over sharing marijuana. On October 18, 1994, after a jury trial, the trial court sentenced him to life imprisonment without parole for his First-Degree Murder conviction. On April 3, 1996, this Court affirmed the Judgment of Sentence and on September 25, 1996, the Pennsylvania Supreme Court denied *allocatur*.

On February 26, 2016, Appellant filed a *pro se* Post-Conviction Relief Act Petition ("PCRA"), his fifth, claiming that his sentence of life imprisonment without parole was unconstitutional pursuant **Miller v. Alabama**, 567 U.S. 460, (2012) and **Montgomery v. Louisiana**, 136 S.Ct. 718, (2016).[2]

On September 13, 2017, the PCRA court vacated Appellant's sentence and scheduled the matter for a resentencing hearing. At the May 3, 2018 resentencing hearing, Appellant and the Commonwealth reached an agreement and proposed a negotiated sentence to the court. After hearing victim impact testimony and Appellant's allocution, and reviewing the Commonwealth's revised Sentencing Memorandum, the sentencing court accepted the negotiated sentence recommendation and sentenced Appellant to 30 years and 6 months to life imprisonment for First-Degree Murder and a concurrent sentence of 1 to 2 years' imprisonment for PIC.

---

[2] In **Miller**, the U.S. Supreme Court held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole upon a homicide defendant for a murder committed while the defendant was under eighteen years old. **Miller**, 567 U.S. at 470, 479. In **Montgomery**, the U.S. Supreme Court held that its decision in **Miller, supra**, applies retroactively. **Montgomery**, 136 S.Ct. at 732, 736.

On June 1, 2018, Appellant filed a timely *pro se* Notice of Appeal and Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). The sentencing court appointed counsel to represent Appellant and issued a Pa.R.A.P. 1925(a) Opinion.

In his counseled Brief, Appellant raises the following issue for the first time: "Is it unconstitutional to impose a mandatory lifetime parole tail on all juvenile lifers being resentenced?" Appellant's Br. at 3.

Appellant's sole issue presents a challenge to the legality of his sentence. "A challenge to the legality of a particular sentence may be reviewed by any court on direct appeal; it need not be preserved in the lower courts to be reviewable and may even be raised by an appellate court *sua sponte*." **Commonwealth v. Batts**, 163 A.3d 410, 434 (Pa. 2017). Our standard of review is *de novo* and our scope of review is plenary. **Id.** at 435.

The crux of Appellant's argument is that his sentence to a mandatory maximum term of life imprisonment is illegal under **Miller.** Appellant's Br. at 16. Specifically, Appellant argues that the sentencing court's imposition of a mandatory maximum sentence of life imprisonment violates **Miller's** holding that a juvenile offender should receive an individualized sentence after close consideration of relevant factors. **Id.** at 16. Appellant further asserts that the sentencing court was required to impose not only an individualized minimum sentence but also an individualized maximum sentence, and that the imposition of a mandatory maximum sentence of life imprisonment gives

the state parole board "the ability to effectively impose a life-time sentence." *Id.* at 15-16, 19. Appellant's argument is unavailing.

Our Supreme Court and this Court have repeatedly rejected the claim that the imposition of a mandatory maximum sentence of life imprisonment for a juvenile convicted of First-Degree Murder is illegal. In *Commonwealth v. Batts*, 163 A.3d 410 (Pa. 2017) ("*Batts II*") our Supreme Court reaffirmed its holding in *Commonwealth v. Batts*, 66 A.3d 286 (Pa. 2013) ("*Batts I*") and concluded that juvenile defendants convicted of First-Degree Murder prior to *Miller* are subject to a mandatory maximum sentence of life imprisonment. *See Batts II*, 163 A.3d at 421, 445. The *Batts II* court explained the holding in *Batts I* as follows:

> We therefore held that juveniles convicted of first-degree murder prior to *Miller* could, after the sentencing court's evaluation of the criteria identified in *Miller*, be subjected to a sentence of life in prison without the possibility of parole. For those defendants for whom the sentencing court determines a life-without-parole sentence is inappropriate, "it is our determination here that they are subject to a mandatory maximum sentence of life imprisonment as required by [18 Pa.C.S. 1102(a)], accompanied by a minimum sentence determined by the common pleas court upon resentencing[.]"

*Batts II*, 163 A.3d at 421 (quoting *Batts I*, 66 A.3d at 297) (footnote omitted).

In *Commonwealth v. Battles*, 169 A.3d 1086, 1089 (Pa. Super. 2017), a case directly on point, a resentenced juvenile offender averred that his sentence of 35 years to life imprisonment was illegal because the sentencing court failed to impose an individualized maximum sentence under

- 4 -

*Miller*. This Court held that the sentencing court's imposition of a mandatory maximum term of life imprisonment upon resentencing a juvenile defendant convicted of First-Degree Murder prior to *Miller* was legal under *Batts I* and *Batts II*. *Id.* at 1098-1090.

In *Commonwealth v. Sesky*, 170 A.3d 1105, 1109 (Pa. Super. 2017), this Court held that a sentencing court imposed an illegal sentence when it resentenced a juvenile defendant convicted of First-Degree Murder prior to *Miller* to a term of 13 to 26 years' imprisonment because the court was required to impose a mandatory maximum sentence of life imprisonment under *Batts II*. Most recently, in *Commonwealth v. Lehman*, 201 A.3d 1279, 1282-83 (Pa. Super. 2019), this Court once again held that the imposition of a mandatory maximum sentence of life imprisonment on a resentenced juvenile defendant convicted of First-Degree Murder was legal.

Accordingly, in light of the prevailing case law, Appellant's sentence to a maximum term of life imprisonment is legal. Thus, Appellant is not entitled to relief.[3]

Judgment of Sentence affirmed.

---

[3] We acknowledge that Appellant cites *Songster v. Beard*, 210 F.Supp.3d 639 (E.D. Pa. 2016) to support his argument that imposing a mandatory maximum life sentence on a juvenile is unconstitutional, however, this Court has recently held that "we do not agree with *Songster* and hold that it is not binding authority in Pennsylvania." *Commonwealth v. Olds*, 192 A.3d 1188, 1197 n.18 (Pa. Super. 2017) (citing *Century Indem. Co. v. OneBeacon Ins. Co.*, 173 A.3d 784, 792 n.14 (Pa. Super. 2017) (explaining that decisions of the federal district courts are not binding on this Court)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/13/19