J-A08035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ERIK R. SURRATT :
:
Appellant : No. 469 WDA 2018

Appeal from the Judgment of Sentence Entered January 10, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005355-2005,
CP-02-CR-0005495-2005

BEFORE: PANELLA, P.J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JULY 26, 2019**

Erik R. Surratt appeals from the judgment of sentence entered following a resentencing hearing pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). Surratt claims that in fashioning his sentence, the PCRA[1] court erroneously considered him an adult, failed to consider whether he was capable of rehabilitation, and failed to consider the *Miller* factors. We affirm.

Surratt was one of three individuals involved in a shooting that resulted in the death of two victims and one victim being wounded. Surratt shot one of the victims that died. Surratt was approximately 17 ½ years old at the time of the murders. A jury convicted Surratt of two counts of first-degree murder and other offenses. In 2008, the trial court sentenced Surratt to two life

_____

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

sentences without parole and 25 to 50 years' incarceration for the remaining charges. This Court affirmed the judgment of sentence. In 2017, the PCRA court granted Surratt a resentencing, pursuant to **Miller** and **Montgomery**. At the resentencing hearing, Surratt presented five witnesses. One of the witnesses was a forensic social worker who testified to Surratt's rehabilitation. Following two hearings, the PCRA court resentenced Surratt to 40 years' incarceration to life imprisonment. Surratt filed a post-sentence motion which the trial court denied. This timely appeal followed.

On appeal, Surratt raises the following issues:

I.  Whether the lower court erred and abused its discretion in imposing a 40-year minimum sentence because the Court failed to acknowledge or appropriately consider the factors laid out in **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), in light of the diminished capabilities and greater prospects for reform of the adolescent offender.

II. Whether the lower court erred and abused its discretion by placing excessive weight on the facts of the crime rather than focusing on **Miller's** central question of whether the juvenile is capable of rehabilitation. The facts of the murder are not determinative in assessing permanent incorrigibility.

III. Whether the lower court erred and abused its discretion by impermissibly considering Mr. Surratt to be an adult at the time of the offense, repeatedly referring the "arbitrary line" the U.S. Supreme Court had drawn between offenders under the age of 18 and those who are 18 and older. The Court does not have the discretion to make a finding contrary to the United States Supreme Court's "legal conclusion[s] . . . and the facts (scientific studies) underlying it" when it concerns the inherent traits associated with adolescent development. **See Commonwealth v. Batts**, 163 A.3d 410, 437 (Pa.

- 2 -

2017). Because the Commonwealth failed to introduce any new evidence at the resentencing hearing, the Court also lacked competent evidence to make the aforementioned finding.

Surratt's Br. at 6-7.

Surratt's first two claims challenge discretionary aspects of his sentence. *See Commonwealth v. White*, 193 A.3d 977, 981 (Pa.Super. 2018) (concluding claims that trial court failed to consider *Miller* factors and did not consider rehabilitative evidence are challenges to discretionary aspects of sentence). As such, we must first determine whether: (1) the appeal is timely; (2) the issue is preserved; (3) appellant's brief includes a Pa.R.A.P. 2119(f) statement; and (4) a substantial question is raised. *See Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa.Super. 2017).

Here, Surratt has satisfied the first three factors. We now address whether he has raised a substantial question. Surratt maintains that the PCRA court imposed an excessive sentence and failed to consider his mitigating factors. He claims that the PCRA court incorrectly "considered [him] an adult at the time of the crime, and focused on the life without parole sentences imposed on [his] adult co-defendants." Surratt's Br. at 14-15. He also maintains that the sentence imposed by the court is excessive for a crime that was committed by a juvenile and is "contrary to the fundamental norms underlying the sentencing process, and is inconsistent with the Sentencing Code." *Id.* at 15.

Surratt's claim of an excessive sentence paired with a claim that the court failed to consider his mitigating factors raises a substantial question. *See Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa.Super. 2015). Therefore, we will address the merit of his claims.

We review a challenge to discretionary aspects of sentencing for an abuse of discretion. *See Commonwealth v. Derry*, 150 A.3d 987, 997 (Pa.Super. 2016). An abuse of discretion exists where "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill[-]will, or arrived at a manifestly unreasonable decision." *Id.* (quoting *Commonwealth v. Hoch*, 936 A.2d 515, 517-18 (Pa.Super. 2007)).

Surratt claims that the PCRA court "wholly failed to consider [his] individual, juvenile characteristics – focusing instead on the details of Surratt's crime, improperly considering Surratt as an adult, and weighing the life sentences imposed on Surratt's adult co-defendants." Surratt's Br. at 18. He argues it failed to consider his juvenile characteristics as referenced in *Miller*.

To begin, the PCRA court was not required to consider the *Miller* factors. The *Miller*[2] factors must be considered "when a juvenile is exposed to a potential sentence of life without the possibility of parole[.]" *Commonwealth*

---

[2] These factors include such things as "immaturity, impetuosity, and failure to appreciate risks and consequences; . . ." *Batts II*, 163 A.3d at 438 (quoting *Miller*, 567 U.S. at 477-78).

*v. Machicote*, 206 A.3d 1110, 1120 (Pa. 2019); *see also Batts II*, 163 A.3d at 432. Here, the Commonwealth did not seek a life-without-parole sentence, and thus, the court was not required to consider the *Miller* factors. *Commonwealth v. Lekka*, --- A.3d ---, 2019 WL 2064541, at *9 (Pa.Super. filed May 10, 2019) ("In cases where the Commonwealth does not seek a life-without-parole sentence, the application of the *Miller* factors is not required").

While Surratt maintains that the PCRA court improperly considered him an adult, we disagree. The PCRA court conceded it had to reconsider Surratt's sentence pursuant to *Miller* and *Montgomery* because Surratt was under the age of 18 at the time of the murders. However, the court observed that the age of majority was somewhat arbitrary and concluded that, as Surratt was 17½ when he committed the murders, he was relatively mature, as demonstrated, in part, by his actions during his crimes.[3] *See* N.T., 12/6/17,

_____

[3] The court explained why it believed that Surratt was mature at the time of committing the murders as follows:

> The Court: And you have to understand how I feel about this crime. It may well be that he has completely turned his life around, and at least for the sake of argument I will accept that.
>
> And at the time this happened, we are talking - - the Supreme Court case talks about juveniles. There is no question in my mind that Mr. Surratt was an adult. I mean, he was six months away from 18. He was sophisticated. He had, for the very least, engaged in criminal activity for three or four years before this happened. I mean, he was running wild. He was running with a bunch of, as far as I can tell, criminals. He was a sophisticated person. . . . We are not talking about a six-year old, who accidently shoots the

at 111-12. It went on to say, "As I said before, this was a - - for lack of a better term - - *this is the behavior of an adult*." N.T., Reconsideration Hearing, 3/7/18 at 9 (emphasis added). It did not say that he was, in fact, an adult. This claim is thus meritless.

Surratt's additional claim that the court solely considered the facts of the crime without taking into consideration Surratt's potential for rehabilitation or his mitigating evidence also fails. He argues that the facts here are similar to **Batts II** because there was an improper "significant focus on the facts of Surratt's crime . . . to the exclusion of considering his personal history and development as a juvenile." Surratt's Br. at 20. We disagree.

After **Miller** and **Montgomery**, Batts was resentenced to life without parole. **Batts II**, 163 A.3d at 450. The Court concluded that because there was "ample positive support relative to Batts' potential for rehabilitation[,]" remand was necessary for the trial court to "'provide [Batts] some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.'" **Id.** (quoting **Miller**, 567 U.S. at 479) (brackets in **Batts II**). It found that the trial court's opinion made clear "that its conclusion that Batts'

---

neighbor, or even a ten-year old who accidently shoots the neighbor or accidently does one thing or another. This was a planned premeditated - - this is as premeditated as you can possibly get.

N.T., 12/6/17, at 111-12.

- 6 -

actions were not the result of his 'unfortunate yet transient immaturity' was based exclusively on the fact that the murder was 'deliberate and premedi[t]ated.'" *Id.* at 446 (quoting Sentencing Court Opinion). The facts before us are not the same.

First, at the resentencing, Surratt was not sentenced to life without parole, but rather two concurrent terms of 40 years' to life imprisonment. Second, the PCRA court was within its rights to consider the facts of the case in fashioning Surratt's new sentence, as they are one of the permissible sentencing factors. The Sentencing Code explicitly provides that when selecting from the statutory sentencing alternatives, "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The court's consideration of the facts of Surratt's crime was not improper. ***See Commonwealth v. Blount***, 207 A.3d 925,937-38 (Pa.Super. 2019) (concluding trial court properly considered Section 9721(b) factors when resentencing juvenile pursuant to ***Montgomery*** and ***Miller***).

Additionally, the court was made aware of Surratt's potential for rehabilitation by Surratt's sentencing memorandum and letters written in Surratt's support. It also heard testimony Surratt offered as mitigating evidence and received a presentence investigation report ("PSI"). Thus, the

trial court "consider[ed] the particular circumstances of the offense and the character of [Surratt], with reference to [Surratt's] prior criminal record, age, personal characteristic, and potential for rehabilitation," in fashioning Surratt's sentence. *Lekka*, -- A.3d --, 2019 WL 2064541, at \*6 (affirming judgment of sentence of 45 years to life imprisonment following resentencing hearing); *see also Commonwealth v. Finnecy*, 135 A.3d 1028, 1038 (Pa.Super. 2016) (stating that there is an assumption that court is aware of information provided in PSI, including mitigating factors).

Surratt also maintains that the PCRA court improperly "weigh[ed] the life sentences imposed on Surratt's adult co-defendants." Surratt's Br. at 18. This claim warrants no relief. The court explained that it was concerned about how the co-defendants' sentences would compare with Surratt's sentence.

> [The Court]: There is also the issue, and I brought this up the last time we were here, is I have three other people who are going to spend the rest of their lives in jail without the possibility of parole because of the fact that they were over 18 and they were over the artificial line.

N.T., 1/10/18, at 7.

While the court acknowledged its discomfort in the disparity of sentences, it nonetheless recognized that Surratt was not beyond rehabilitation and therefore concluded that while his co-defendants received life without parole, the same was not an appropriate sentence for Surratt. *See Machicote*, 206 A.3d at 1115 (stating there is a presumption against a sentence of life without parole for juvenile and may be rebutted by proving

- 8 -

that juvenile is incapable of rehabilitation); *see also* Trial Court Opinion, filed 8/29/18, at 4 (stating it "did not find beyond a reasonable doubt, that [Surratt] is incapable of rehabilitation").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/2019