J-A18031-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| RAYMONT WALKER, | : | |
| Appellant | : | No. 1025 WDA 2018 |

Appeal from the Judgment of Sentence Entered February 9, 2018
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0006204-2007

BEFORE:  BOWES, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                FILED SEPTEMBER 27, 2019

Raymont Walker ("Walker") appeals from the judgment of sentence[1] imposed after he was resentenced pursuant to Miller v. Alabama, 567 U.S. 460 (2012), and Montgomery v. Louisiana, 136 S. Ct. 718 (2016).[2, 3] We affirm.

_____

[1] As explained more fully below, Walker sought both a new sentence and a new trial under the Post Conviction Relief Act ("PCRA"). See 42 Pa.C.S.A. §§ 9541-9546. The PCRA court granted Walker a resentencing, but denied him a new trial. Although Walker purports to appeal from both the new sentence and the denial of a new trial,

> [i]n our view, there can be no serious dispute that the order granting in part and denying in part all the issues raised in the PCRA petition 'finally dispos[ed]' of [Walker's] PCRA [P]etition. Pa.R.Crim.P. 910. Here, [Walker's] PCRA petition raised several claims, each seeking either a new trial or resentencing. The PCRA court granted one sentencing claim and denied all claims for a new trial. As a result, the PCRA court's [] [O]rder ended collateral proceedings and called for a new sentencing proceeding, which is a trial court function, not a collateral proceeding function. Therefore, the PCRA court's [O]rder disposed of all of [Walker's] claims in his PCRA [P]etition, terminating its role in the proceedings.

Commonwealth v. Gaines, 127 A.3d 15, 17-18 (Pa. Super. 2015). Thus, only the resulting February 9, 2018 sentencing Order was properly appealed.

[2] The Supreme Court in Miller held that sentencing schemes mandating life in prison without parole for defendants who committed their crimes while under the age of eighteen violate the Eighth Amendment's prohibition on "cruel and unusual punishments." Miller, 567 U.S. at 465.

[3] The Supreme Court in Montgomery held that the Miller decision announced a new substantive rule of constitutional law that applies retroactively. Montgomery, 136 S. Ct. at 736.

In 2006, when Walker was fifteen years old, he was arrested, charged, and tried as an adult for his involvement in the murder of another juvenile. In 2010, a jury convicted Walker of first-degree murder, criminal conspiracy, criminal attempt—homicide, aggravated assault, and possession of a firearm by a minor.[4] Notably to this appeal, Walker and his co-conspirator, Terrill Hicks ("Hicks"), were tried jointly, and both exercised their rights against self-incrimination at trial. On August 2, 2010, Walker was sentenced to life without parole. This Court affirmed the judgment of sentence. See Commonwealth v. Walker, 48 A.3d 490 (Pa. Super. 2012) (unpublished memorandum).

On July 30, 2012, following the Supreme Court's ruling in Miller, supra, Walker filed his first PCRA Petition challenging his sentence. The trial court denied his Petition on November 25, 2013, which this Court affirmed on July 24, 2015. Walker filed a Petition for Allowance of Appeal with our Supreme Court, which was held pending the Supreme Court's decision in Montgomery, supra.

During this time, Hicks was resentenced pursuant to Miller. At his resentencing hearing, on October 23, 2015, Hicks admitted, allegedly for the first time, to firing the shots that killed the victim and to Walker's lack of involvement. On December 15, 2015, Walker filed a second PCRA Petition, seeking a new trial, on the basis of newly-discovered evidence in the form of Hicks's confession.

_____

[4] See 18 Pa.C.S.A. §§ 2501(a), 903(a)(1), 901(a), 2702(a)(1), 6110.1(a).

Following the Supreme Court's ruling in Montgomery, our Supreme Court vacated this Court's Order affirming Walker's judgment of sentence, and remanded the case for resentencing. Upon Motion by the Commonwealth, Walker's various PCRA Petitions were consolidated and treated as supplements to the first PCRA Petition.

On February 9, 2018, the PCRA court held a hearing on Walker's Petition, denied his newly-discovered evidence claim, and resentenced him to an aggregate term of 30 years to life in prison. On February 16, 2018, Walker filed Post-Sentence Motions challenging the PCRA court's denial of his request for a new trial on the grounds of newly-discovered evidence, and the discretionary aspects of the new sentence. The PCRA court denied the Post-Sentence Motions on June 12, 2018, after which Walker filed a timely Notice of Appeal challenging only the new judgment of sentence.

On appeal, Walker raises the following questions for our review:

I.    Did the [PCRA] court err when it denied [] Walker's [PCRA] Petition for a new trial[,] on the ground of newly-discovered evidence[,] where (1) the testimony provided by [] Hicks could not have been obtained prior to the conclusion of trial through the exercise of reasonable diligence[,] as Hicks was [] Walker's co-defendant and Hicks invoked his Fifth Amendment right to remain silent at trial; (2) Hicks's testimony was not merely corroborative or cumulative of other evidence presented at the trial[,] and would not have been used solely to impeach the credibility of a witness; and (3) Hicks's testimony would result in a different verdict if a new trial were granted in [] Walker's case?

II.   Did the [PCRA] court abuse its discretion when it resentenced [] Walker to serve an aggregate sentence of 30 years to life[,] where such a sentence is manifestly unjust,

- 4 -

unreasonable and excessive when considered in light of [] Walker's personal history and characteristics[,] and the many mitigating factors presented on [] Walker's behalf?

Brief for Appellant at 6.

As previously discussed, see note 1, supra, Walker's first claim was not properly appealed. As such, we will focus our review on Walker's second claim. In his second claim, Walker argues that his new sentence pursuant to Miller/Montgomery, of 30 years to life in prison, is excessive because the sentence does not account for all mitigating factors. See Brief for Appellant at 83-93. Specifically, Walker claims that the trial court provided an "inadequate statement purportedly evidencing its consideration of the Miller factors." Id. at 83. Walker contends that the sentence is "manifestly unjust, unreasonable, and excessive in that it failed to consider [his] personal history and characteristics[,] and the many mitigating factors presented on his behalf both at the time of sentencing and in the mitigation report prepared on his behalf." Id.

Walker's claim challenges the discretionary aspects of his sentence. See Commonwealth v. Pennington, 751 A.2d 212, 215 (Pa. Super. 2000) (stating that "[an appellant who] claims his sentence is excessive [] does not challenge its legality; rather, he challenges its discretionary aspects."). "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." Commonwealth v. Moury, 992 A.2d 162, 170 (Pa. Super. 2010).

Prior to reaching the merits of a discretionary sentencing issue, it must be determined: (1) whether [Walker] filed a timely notice of appeal, pursuant to Pa.R.A.P. 902 and 903; (2) whether [Walker] properly preserved [the issue] at sentencing or in a motion to reconsider and modify sentence, pursuant to Pa.R.Crim.P. 720; (3) whether [Walker's] brief has a fatal defect, pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, pursuant to 42 Pa.C.S.A. § 9781(b).

Commonwealth v. Schrader, 141 A.3d 558, 563 (Pa. Super. 2016) (some citations omitted).

The record reveals that Walker filed a timely Notice of Appeal, properly preserved the substance of his appeal in a Post-Sentence Motion, satisfied his obligation under Pa.R.A.P. 2119(f), and raised a substantial question. See Commonwealth v. Johnson, 125 A.3d 822, 826 (Pa. Super. 2015) (stating that "[t]his Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." (citation omitted)). Thus, we will address the merits of Walker's claim.

Our standard of review in an appeal from the discretionary aspects of sentencing is well settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment, and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

Commonwealth v. Paul, 925 A.2d 825, 829 (Pa. Super. 2007) (citation and quotation marks omitted).

"Miller requires only that there be judicial consideration of the appropriate age-related factors set forth in that decision prior to the imposition of a sentence of life imprisonment without the possibility of parole on a juvenile." Commonwealth v. Battles, 169 A.3d 1086, 1089 (Pa. Super. 2017) (emphasis added). Accordingly, Walker's argument that the PCRA court failed to adequately consider age-related factors is inapposite.

What is required is consideration of the sentencing guidelines under 18 Pa.C.S.A. § 1102.1(a), as well as the general sentencing standards under 42 Pa.C.S.A. § 9721(b). Section 1102.1(a) mandates a sentence of 35 years to life in prison for juveniles who are at least 15 years of age during the commission of first-degree murder.[5] 42 Pa.C.S.A. § 1102.1(a). Section 9721 requires that the sentence be "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." Id.

Our review of the record demonstrates that the PCRA court referenced the appropriate sentencing guidelines, made the requisite inquiries and

_____

[5] 18 Pa.C.S.A. § 1102.1(a) applies to juveniles convicted after June 24, 2012. However, our Supreme Court ruled, in Commonwealth v. Batts, 163 A.3d 410, 457-58 (Pa. 2017), that sentencing courts must consider Section 1102.1(a) in sentencing juvenile offenders to life in prison with the possibility of parole.

considerations, including evidence favorable to Walker, and imposed a sentence that not only is appropriate given the seriousness of the crime, but also is clearly permissible under the law. The PCRA court sentenced Walker to 30 years to life in prison, with the possibility of parole — 5 years below the minimum guideline espoused in Section 1102.1(a).[6] In fashioning Walker's sentence, the PCRA court noted the following, as required by Section 9721(b): 1) Walker is "kind, a follower and [has] a passive personality;" 2) Walker had a "positive adjustment to incarceration, [completed] numerous programs [], [and is] a mentor;" 3) Walker was "not the shooter[,] but actively participated in planning the ambush and locating the victim." PCRA Court Opinion, 11/2/18 at 5; see also N.T., 2/9/2018, at 106. Additionally, the PCRA court heard statements from Walker and the victim's family, and considered a sentencing memorandum prepared by a mitigation specialist. See N.T., 2/9/2018, at 7, 91-94, 105-06. The PCRA court also took note of Walker's age at the time of the murder. See id. at 106 (wherein the PCRA court noted that Walker was barely 15 years old at the time of the crime). Accordingly, we discern no abuse of discretion by the PCRA court, and affirm the judgment of sentence.

Judgment of sentence affirmed.

_____

[6] See note 5, supra, for discussion of a sentencing court's obligation to consider, not abide by, the mandatory minimums outlined in Section 1102.1(a) when fashioning a life sentence for crimes committed as a minor.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/27/2019</u>