J-A25038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
             :     PENNSYLVANIA
             :
      v.         :
             :
             :
SHAUN BRIAN PATRICK WINTERS,   :
             :
      Appellant     :     No. 440 MDA 2019

Appeal from the Judgment of Sentence Entered February 7, 2019
in the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0002878-1994

BEFORE:  STABILE, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:     **FILED: FEBRUARY 6, 2020**

Shaun Brian Patrick Winters ("Winters") appeals from the judgment of sentence entered following resentencing pursuant to **_Commonwealth v. Batts_**, 163 A.3d 410 (Pa. 2017) ("**_Batts II_**").  We affirm.

On February 21, 1995, Winters pled guilty to one count of second-degree murder.[1]  The charge related to the then-sixteen-year-old Winters's killing and robbery of the seventy-seven-year-old victim in her home.  The court sentenced Winters to a mandatory term of life in prison without the possibility of parole ("LWOP") on the same date.  Winters did not file post-sentence motions or seek direct appellate review in this Court.

---

[1] 18 Pa.C.S.A. § 2502(b).

Winters subsequently sought and was denied relief several times under the Post Conviction Relief Act ("PCRA").[2]  Ultimately, on March 9, 2016, Winters filed a PCRA Petition seeking relief based upon the United States Supreme Court's decision in **Montgomery v. Louisiana**, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016).  On May 3, 2016, the PCRA court issued an Order deferring disposition of Winters's Petition pending the decision of the Pennsylvania Supreme Court in **Batts II**.

The Pennsylvania Supreme Court filed its decision in **Batts II** on June 26, 2017.  On July 27, 2017, the Commonwealth filed a Motion to list Winters's case for resentencing, in accordance with **Batts II**.  On February 7, 2019, after a hearing, the trial court resentenced Winters to 30 years to life in prison. On that same date, the PCRA court entered an Order dismissing Winters's PCRA Petition as moot.  Winters filed a post-sentence Motion, which the trial court denied.  Thereafter, Winters filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Winters presents the following claims for our review:

A. Whether the [trial] court illegally and unconstitutionally relied upon 18 Pa.C.S.A. § 1102.1 in fashioning the minimum sentence of 30 years for [Winters,] despite the fact that § 1102.1 explicitly does not apply retroactively to those convicted on or before June 24, 2012, and the court, in using

_____

[2] 42 Pa.C.S.A. §§ 9541-9546.

§ 1102.1 as [a] guide for resentencing in this case, failed to afford [Winters] an individualized sentencing hearing[,] with the court having complete discretion to set a minimum sentence below the threshold provided in 18 Pa.C.S.A. § 1102.1[,] as numerous other courts in this Commonwealth have done?

B. Whether the sentencing court illegally and unconstitutionally sentenced [Winters] to a life tail, because a mandatory life maximum sentence creates the very real possibility that a child who fails to conform to the prison rules will actually serve [an LWOP] sentence[,] as such result offends due process and the [Eighth] Amendment[,] and sentencing [Winters] to a lifetime tail is disproportionate punishment and violates the requirement [set forth] in **Miller** [**v. Alabama**, 576 U.S. 460 (2016),] for an individualized sentence?

C. Whether the sentencing court failed to consider and explicitly address all of the factors required to be considered at resentencing[,] pursuant to **Miller** … and its progeny[,] as the court failed to properly consider the impact of [Winters's] youth and development, failed to presume [Winters's] immaturity and reduced culpability when imposing [its] sentence, failed to properly consider [Winters's] historic drug use since the age of 7[,] and his substantial drug use and alcohol use and intoxication at the time of the murder in this case, and [whether] the court improperly placed significance on comments that [Winters] made while testifying about the events leading up to the unfortunate death of the victim in this case, the "innocent victim" argument made by the Commonwealth, and the details of the murder[,] as argued by the Commonwealth[,] at resentencing?

Brief for Appellant at 4 (some capitalization omitted).

We will address Winters's first two claims together, as they are related. Winters first claims that the trial court "unconstitutionally relied upon 18 Pa.C.S.A. § 1102.1" when resentencing him to a maximum sentence of life in prison. Brief for Appellant at 9. Winters argues that section 1102.1 does not apply retroactively, and that by relying upon section 1102.1, the trial court

failed to afford him an individualized sentence. ***Id.*** Winters directs our attention to recent case law recognizing that character development in juveniles is "incomplete," and that juvenile culpability differs from that of adults. ***Id.*** at 9-12. Winters further directs our attention to the Supreme Court's decision in ***Miller***, which held that automatically imposing a mandatory sentence of LWOP upon a juvenile offender violates the Eighth Amendment prohibition against cruel and unusual punishment, and which sets forth the factors to be considered when sentencing juveniles. ***Id.*** at 13. According to Winters, the ***Miller*** decision created a presumption against the imposition of a sentence of LWOP. ***Id.*** at 14. Relying upon ***Miller*** and its progeny, and the subsequent federal court decisions in ***Songster v. Beard***, 201 F. Supp. 3d 639 (E.D. Pa. 2016), and ***Garnett v. Wetzel***, 2016 U.S. Dist. LEXIS 108936 (E.D. Pa., Aug. 17, 2016) (memorandum opinion), Winters contends that the trial court erred in considering section 1102.1 at sentencing. Brief for Appellant at 17, 19.

In his second claim, Winters argues that the trial court improperly sentenced him to a "life tail," as it creates the possibility that a juvenile who fails to conform to prison rules will serve a LWOP sentence. ***Id.*** at 21. Relying upon the reasoning of the federal court in ***Songster***, Winters contends that routinely fixing the maximum sentence as life in prison does not constitute an individualized sentence. ***Id.*** at 22. Winters states that under Pennsylvania case law, parole constitutes "punishment," and release on parole is not

automatic. *Id.* at 22-23. According to Winters, a mandatory maximum sentence of life in prison allows the Parole Board to impose a LWOP sentence. *Id.* at 23. Winters posits that a child who fails to conform to prison rules could actually serve a LWOP sentence. *Id.* at 24.

"When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Lekka*, 210 A.3d 343, 355 (Pa. Super. 2019) (citation omitted).

Winters's challenges to the legality of his sentence do not entitle him to relief. Since *Batts II*, this Court has repeatedly rejected the claim that the imposition of a mandatory maximum sentence of life in prison for a juvenile convicted of first- or second-degree murder constitutes an illegal sentence under *Miller*. *See Commonwealth v. Olds*, 192 A.3d 1188, 1197-98 (Pa. Super. 2018) (holding that "a mandatory life maximum for a juvenile convicted of second-degree murder is not cruel and unusual punishment."); *Commonwealth v. Seskey*, 170 A.3d 1105, 1109 (Pa. Super. 2017) (holding that the trial court imposed an illegal sentence when it resentenced juvenile defendant convicted of first-degree murder prior to *Miller* to term of 13 to 26 years of imprisonment; the court was required to impose mandatory maximum sentence of life in prison); *Commonwealth v. Battles*, 169 A.3d 1086, 1089-90 (Pa. Super. 2017) (holding that the trial court's imposition of a mandatory maximum term of life in prison, upon resentencing of a juvenile defendant convicted of first-degree murder prior to *Miller*, was legal).

In **Commonwealth v. Ligon**, 206 A.3d 1196 (Pa. Super. 2019), this Court rejected a challenge to the legality of a sentence based upon the same rationale expressed by the federal court in the **Songster** decision:

The **Songster** decision has no precedential value in Pennsylvania. **Commonwealth v. Lambert**, 765 A.2d 306, 354-55 (Pa. 2000). Moreover, our Court has previously considered the argument that [the a]ppellant makes with **Songster**[,] and found it to be "unavailing," as it does not address **Graham v. Florida**, 560 U.S. 48, 75, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010), a case which held that parole boards may make the ultimate determination whether an individual has demonstrated the requisite maturity and rehabilitation to deserve release. **See** … **Olds**, 192 A.3d [at] 1197 n.18 ….

… The **Miller** Court did not call into question the ability of state parole boards to make the decision as to whether a juvenile murderer should be paroled[,] and did not equate a sentence of [life *without* the possibility of parole] with one for life *with* the possibility of parole. **Montgomery**, [136 S. Ct.] at 736. In fact, it did the opposite, merely requiring the states to make the relevant inmates parole eligible, thereby insuring that those prisoners who have shown the ability to reform will receive a meaningful opportunity for release. It did not hold that life sentences *with* parole eligibility are unconstitutional, or that juvenile murderers must be released at some point regardless of their fitness to rejoin society. Thus, a sentence with a term of years minimum and a maximum sentence of life does not violate **Miller's** individualized sentencing requirement, because it properly leaves the ultimate decision of when a defendant will be released to the parole board.

[The a]ppellant also fails to account for the fact that, if we adopt his argument, and allow him and others similarly-situated to receive a term-of-years maximum sentence, such a holding would lead to impermissibly disparate results. Section 1102.1 provides a clear expression of legislative intent as to juveniles that are convicted of first-degree murder post-**Miller**. Although, the statute itself does not apply to [the a]ppellant[,] based upon the date of his conviction, it does apply to all similarly-situated defendants who were sentenced after its enactment. Mindful of the difference in treatment accorded to those subject to non-final

judgments of sentence for murder as of ***Miller's*** issuance, and the enactment of § 1102.1, our Supreme Court has ordered trial courts to resentence juveniles to a maximum term of life imprisonment. ***Batts II, supra***. We are bound to follow its mandate.

***Id.*** at 1200-01 (emphasis added). For the foregoing reasons, we cannot grant Winters relief on his first two claims.

In his third claim, Winters argues that the trial court abused its discretion by not considering and addressing the factors required by ***Miller*** and its progeny when imposing its sentence. Brief for Appellant at 24. When an appellant challenges the discretionary aspects of a sentence, we must engage in a four-part analysis to determine

> (1) whether the appeal is timely; (2) whether [the a]ppellant preserved his [] issue; (3) whether [the a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [pursuant to Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is [not] appropriate under the [S]entencing [C]ode.

***Commonwealth v. Williams***, 198 A.3d 1181, 1186 (Pa. Super. 2018) (citation omitted).

Our review of the record discloses that Winters filed a timely Notice of Appeal, preserved his sentencing claim in a post-sentence Motion, and included in his brief a Statement of Reasons relied upon for allowance of appeal, as required by Rule 2119(f). ***See*** Brief for Appellant at 31-36. Therefore, we next consider whether Winters's claim raises a substantial question that his sentence is not appropriate under the Sentencing Code.

As this Court has explained,

[t]he determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either[] (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa. Super. 2018) (internal citations and quotation marks omitted).

In his Statement of Reasons relied upon for allowance of appeal, Winters argues that his sentence is unreasonable and excessive; the trial court failed to consider the factors required by *Miller*; and the court "refused and/or failed to properly give weight to the mitigating circumstances" presented by him at sentencing. Brief for Appellant at 35. Winters's assertions raise a substantial question. *See Commonwealth v. Caldwell*, 117 A.3d 763, 769-70 (Pa. Super. 2015) (*en banc*) (concluding that an excessive-sentence claim, in conjunction with an assertion that the court failed to consider mitigating factors, raises a substantial question); *see also Commonwealth v. Hicks*, 151 A.3d 216, 227 (Pa. Super. 2016) (concluding that a claim that the sentencing court failed to set forth adequate reasons for the sentence imposed raises a substantial question). Accordingly, we will address Winters's challenge to the discretionary aspects of his sentence.

Winters argues that the trial court improperly "failed to specifically consider the impact of [his] youth and development[,] and failed to presume

[his] immaturity and reduced culpability when imposing sentence[.]" Brief for Appellant at 25. According to Winters, the trial court further placed undue significance on the events leading up to the death of the victim. *Id.* Winters further asserts that, because the trial court did not "evidence" its consideration of the *Miller* factors on the record, this Court "should vacate and remand this case to the trial court[,] with instructions to resentence [Winters] to an individualized sentence of time served to 50 years." *Id.* at 26. Winters acknowledges that the Commonwealth submitted at resentencing a pre-sentence investigation report ("PSI"), based upon a 1995 interview with Winters. *Id.* at 28. Nevertheless, Winters takes exception to the trial court's failure to give "specific mention" of Winters's youth and development, as well as its failure to presume Winters's immaturity and reduced culpability. *Id.* Winters also directs our attention to mitigating evidence presented by defense counsel during resentencing. *Id.* at 28-30.

Our Pennsylvania Supreme Court has held that, "when a juvenile is exposed to a potential sentence of life *without the possibility of parole*[,] the trial court must consider the *Miller* factors, on the record, prior to imposing a sentence." *Commonwealth v. Machicote*, 206 A.3d 1110, 1120 (Pa. 2019) (emphasis added). A sentencing court's failure to do so renders the imposed sentence illegal, even if the defendant is not ultimately sentenced to LWOP. *Id.*

Here, the Commonwealth did not seek imposition of LWOP. **See** N.T., 2/7/19, at 4 (wherein the Commonwealth represented that "the Commonwealth is not seeking life without parole as a sentence for [] Winters"). Because Winters was not exposed to a potential LWOP sentence, the trial court did not violate **Miller** or **Machicote** at resentencing. **See Lekka**, 210 A.3d at 357 (concluding that, "because the Commonwealth [] did not seek, and the sentencing court did not impose, a life-without-parole sentence, there was no error by the sentencing court in failing to consider the **Miller** factors.").

Nevertheless, our review of the record discloses that the resentencing court considered the **Miller** factors when it imposed Winters's new sentence of 30 years to life. As the trial court explained in its Opinion,

> [t]he mitigation report included information pertaining to [Winters's] youth and development, immaturity and reduced culpability, historic drug use, drug and alcohol use and intoxication at the time of the offense. Contrary to [Winters's] argument, this [c]ourt carefully combed through the mitigation report that was prepared by [Winters's] mitigation specialist prior to the day of sentencing[,] and also at the day of the sentencing. … This [c]ourt specifically acknowledged that [Winters] is not the same person he was at the time of the murder[,] and recognized his remorse and maturity. It is also true that this [c]ourt particularly took notice of [Winters's] testimony in describing the murder as an "altercation[,]" and [Winters's] testimony that he did not know the victim was deceased until a week later. However, this [c]ourt was well within its discretion to take into account [Winters's] testimony[,] which affected the sincerity of [Winters's] acceptance of responsibility for the murder. This [c]ourt found [Winters's] testimony to be incredible and offensive[,] as it is extremely unlikely [that Winters] was unaware [that] the victim was deceased[,] as [Winters contended], when the physical evidence supports that [Winters] wrapped a pillowcase around the victim's

neck and tied [it] into a knot, strong enough to strangulate the victim to death. As this [c]ourt was obligated to take into account [Winters's] mitigation report, this [c]ourt was also obligated to take into account the circumstances of the murder[,] and the victim impact statements before imposing sentence. Therefore, [Winters's] averment that this [c]ourt improperly placed significance on some factors while ignoring factors favorable to [Winters] is unfounded and unsupported by the evidence in the record.

Trial Court Opinion, 4/8/19, at 4-5 (unnumbered).

Here, the trial court considered the **_Miller_** factors, as well as all of the evidence presented in the PSI and at sentencing. **_See Commonwealth v. Seagraves_**, 103 A.3d 839, 842 (Pa. Super. 2014) (recognizing that where the trial court has the benefit of a pre-sentence report, "we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors."). As such, Winters is not entitled to relief on his claim. Consequently, we affirm Winters's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/06/2020

- 11 -