J-S15021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALLEN NHIN | : | |
| | : | |
| Appellant | : | No. 1786 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 24, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0001884-2021

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED SEPTEMBER 4, 2024**

Appellant Allen Nhin appeals from the judgment of sentence imposed following his conviction for failing to provide accurate registration information[1] as required by the Sexual Offender Registration and Notification Act[2] (SORNA).  Appellant challenges the discretionary aspects of his sentence.  We affirm.

The underlying facts of this matter are well known to the parties.  **See** Trial Ct. Op. & Order, 6/7/23, at 1-11.  Briefly, Appellant was charged with the aforementioned offense based on allegations that he knowingly failed to provide accurate information or verify his address as required by his SORNA

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 4915.1(a)(3).

[2] 42 Pa.C.S. §§ 9799.10 – 9799.75.

registration requirements. Following a two-day jury trial, Appellant was found guilty. On April 24, 2023, the trial court sentenced Appellant to a term of five to ten years' imprisonment.[3,4]

Appellant filed a motion for reconsideration, which the trial court denied. Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. In lieu of a Rule 1925(a) opinion, the trial court issued an order adopting its prior order and opinion addressing Appellant's claims.

Appellant raises the following issue on appeal:

> Whether the trial court abused its discretion in imposing a manifestly excessive and unreasonable sentence[] which exceeded the aggravated range of the applicable sentencing guidelines and the court failed to consider any significant mitigating factors, failed to apply and review all the necessary factors as set forth in 42 Pa.C.S. § 9721(b) and 42 Pa.C.S. § 9781(c) and (d) or otherwise failed to set forth appropriate reasons for its decision?

Appellant's Brief at 7.

_____

[3] At sentencing, the trial court explained that Appellant's prior record score (PRS) was a one and the offense gravity score (OGS) for failing to provide accurate information was an eight. Therefore, the standard minimum guideline range was twelve to eighteen months' incarceration, plus or minus nine months for mitigating or aggravating circumstances. Appellant's five-to-ten-year sentence exceeded the aggravated minimum guideline range, but did not exceed the ten-year statutory maximum for a second-degree felony. **See** 18 Pa.C.S. §§ 106(b)(3), 1103(2), 4915.1(b)(3).

[4] We note that Appellant entered a *nolo contendere* plea to indecent assault at Docket No. 1885-2021 and the trial court sentenced Appellant in that matter on same day as the instant case. However, Appellant does not challenge that sentence on appeal.

Appellant's claim relates to the discretionary aspects of his sentence. Specifically, Appellant argues that the trial court "unfairly and unjustly imposed upon him the maximum sentence for the charge which exceeded both the standard and the aggravated range of the sentencing guidelines and was without appropriate reasons for such deviation when the [trial c]ourt failed to consider the mitigating factors that favored a lesser sentence." *Id.* at 12. Although Appellant acknowledges that the trial court reviewed the presentence investigation (PSI) report, he contends that the trial court was "influenced by the nature of the charges and that there was no serious review of the required statutory factors." *Id.* at 10. Further, Appellant argues that he does not have a "heavy prior record which would justify this maximum sentence nor other factors which would legitimately give a basis for this harsh and excessive sentence." *Id.* at 15.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Derry***, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

- 3 -

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved this issue by raising it in his post-sentence motion, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in his brief. *See Corley*, 31 A.3d at 296. Further, Appellant's claims raise a substantial question for our review. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (stating "an excessive sentence claim—in

conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question" (citation omitted)); ***see also Commonwealth v. Prater***, 256 A.3d 1274, 1288 (Pa. Super. 2021) (stating that an "[a]ppellant presents a substantial question for our review by asserting that the court failed to state sufficient reasons for imposing sentence outside the sentencing guidelines" (citation omitted)). Therefore, we will review the merits of Appellant's claims.

> Our well-settled standard of review is as follows:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:
>
>> The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>>
>>> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>>>
>>> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>>>
>>> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>>
>> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any [PSI].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Raven*, 97 A.3d at 1253-54 (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of [the] offense in relation to [the] impact on [the] victim and [the] community, and [the] rehabilitative needs of the defendant[.]" *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted). Additionally, the trial court "must consider the sentencing guidelines." *Fullin*, 892 A.2d at 848 (citation omitted).

However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and

considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Edwards***, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered).

When applying the sentencing guidelines, this Court has explained that

the sentencing court is required to consider the sentence ranges set forth in the sentencing guidelines, but it [is] not bound by the sentencing guidelines. The court may deviate from the recommended guidelines; they are merely one factor among many that the court must consider in imposing a sentence. A court may depart from the guidelines if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community. When a court chooses to depart from the guidelines[,] however, it must demonstrate on the record, as a proper starting point, [its] awareness of the sentencing guidelines. Further, the court must "provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S. § 9721(b).

***Commonwealth v. Sheller***, 961 A.2d 187, 190 (Pa. Super. 2008) (some citations omitted and formatting altered). However, "all that a trial court must do to comply with [these] procedural requirements is to state adequate reasons for the imposition of sentence on the record in open court." ***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa. Super. 2014) (citations omitted).

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. ***See Commonwealth v. Kurtz***, 294 A.3d 509, 536 (Pa. Super. 2023), *appeal granted on other grounds*, 306 A.3d 1287 (Pa. 2023).

In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of sentencing court where lower court was fully aware of all mitigating factors[.]" *Id.* (citation omitted).

Here, the record reflects that the trial court was in possession of a PSI report, which it reviewed prior to sentencing. *See* N.T. Sentencing Hr'g, 4/24/23, at 11. Before imposing Appellant's sentence, the trial court explained:

> The court has reviewed the PSI and all of its attachments, listened to what the victim has had to say, and counsel's arguments, and [Appellant's] last statement just there. The PSI clearly paints a picture. . . .
>
> A picture of an individual who continues to have violations of supervision in every form. . . . [S]pecifically, in 2009, [Appellant] was arrested for assaulting his ex-wife by coming into her business, shoving her, grabbing her by the neck, and then stating he would kill her and her child one by one. That's the beginning of the painting of this picture.
>
> Then, [Appellant] and his ex-wife has filed for a PFA, which he has -- had violated. In November of 2016, he's placed on supervision for indecent assault for sexually assaulting another woman during a massage. He immediately violates his supervision on this case by having adverse issues by not reporting to probation. He is resentenced because of this in February of 2017.
>
> Then, he violates again in January of 2018 because he failed to undergo drug screening, but more importantly, was unsuccessfully discharged from a sex offender treatment . . . . Leading to these cases where he yet again reoffends by committing the same sexually violent behavior and revictimizes yet again his ex-wife by using her address.
>
> The police then need to go to her address and she's essentially begging and has told the police that she begged him to stop utilizing that address. And the court considers that revictimization of her.

Additionally, this court believes on an aside -- a total aside -- that there is a level of manipulation here with regards to a supposed language barrier. The court sat through trial and while -- in many portions it was clear by [Appellant's] expression and reaction before the interpreter interpreted what was said, that he understood before she interpreted . . . the statements of witnesses.

Additionally, [Appellant] testified and was asked questions, and before the interpreter interpreted those questions, he was answering them. And additionally, at its base, the two indecent assaults, which now [Appellant] is convicted of, have communication that is required in them in English to these victims who do not speak Cantonese in order for his supposed services to be completed.

He has been here over 40 years. He has been in businesses where he needs to communicate to be able to have -- to service people. And the court believes he uses language -- he uses potential language restrictions to his own benefit in throughout his registration years and in fact, understands clearly what is going on.

With that said, the court is sentencing [Appellant] in the following ways: in case 1884-2021, failure to provide accurate registration, felony of the second degree, the sentence is that you pay the costs of prosecution; that you undergo imprisonment for a period of not less than five years, RRRI ineligible, no more than ten years in such State Correctional Institution as shall be designated by the Deputy Secretary for Treatment, Bureau of Corrections; credit be given to you, as required by law, for all time spent in custody.

This sentence is given for the following reasons: 1. The continued violations of all of [Appellant's] supervisions, be it a PFA, probation, or parole, with highly concerning behavior. 2. A history of assaultive behavior both physically and sexually towards women. 3. Continued victimization of his ex-wife, 4. He is now a sexual recidivist. And 5. He is not amenable to treatment.[5]

_____

[5] At the sentencing hearing, the trial court also imposed a sentence for Appellant's *nolo contendere* plea to indecent assault at Docket No. 1885-2021. However, as noted previously, Appellant does not challenge that sentence on appeal.

N.T. Sentencing Hr'g at 24-27 (some formatting altered).

In its order denying Appellant's post-sentence motion, the trial court further explained:

> Prior to sentencing this court carefully reviewed the [PSI r]eport prepared on December 9, 2022. Therefore, this court did not fail to consider mitigating factors. . . . Indeed, this court considered [Appellant's] age, health problems, and the duration of time that [Appellant] remained crime free. Furthermore, this court articulated on the record the reasons for the imposition of the sentence at the statutory limits: (1) [Appellant's] continued violation of all of his supervisions (including PFA[s], probation, and parole) with concerning behavior; (2) [Appellant's] history of assaultive behavior, both physically and sexually, toward women; (3) the continued victimization of his ex-wife; (4) [Appellant] is now a sexual recidivist; and (5) [Appellant] is not amenable to treatment.

Trial Ct. Order & Op. at 5 (some formatting altered).

Based on our review of the record, we discern no abuse of discretion by the trial court. *See Raven*, 97 A.3d at 1253. As noted previously, the record reflects that the trial court ordered a PSI report, which it reviewed prior to sentencing. *See* N.T. Sentencing Hr'g at 11, 24. Therefore, we presume that the trial court was aware of the mitigating factors and considered them when imposing Appellant's sentence. *See Edwards*, 194 A.3d at 638; *see also Kurtz*, 294 A.3d at 536. Additionally, the trial court explicitly considered the appropriate sentencing factors and explained the reasons for imposing Appellant's sentence. Although Appellant argues that there was no "serious" consideration of the statutory factors, this Court will not re-weigh the trial court's consideration of those factors on appeal. *See Kurtz*, 294 A.3d at 536;

- 10 -

*see also Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) (explaining that the appellate court cannot reweigh sentencing factors and impose its judgment in place of sentencing court where lower court was fully aware of all mitigating factors). Further, the trial court thoroughly explained its considerations of the guidelines and relevant sentencing factors in crafting the sentence imposed. *See* N.T. Sentencing Hr'g at 24-27. Therefore, we have no basis to conclude that Appellant's sentence was unreasonable. *See Antidormi*, 84 A.3d at 760; *see also Raven*, 97 A.3d at 1254. Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/04/2024