J-S48030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ALFRED DIXON-TRICE :
:
Appellant : No. 1775 EDA 2024

Appeal from the Judgment of Sentence Entered June 14, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007903-2023

BEFORE: STABILE, J., NICHOLS, J., and BENDER, P.J.E.

MEMORANDUM BY NICHOLS, J.: **FILED MARCH 11, 2025**

Appellant Alfred Dixon-Trice appeals from the judgment of sentence imposed after he pled guilty to third-degree murder, conspiracy to commit third-degree murder, possessing an instrument of crime (PIC), and tampering with evidence.[1] On appeal, Appellant challenges the discretionary aspects of his sentence. After review, we affirm.

The trial court summarized facts of this case as follows:

On September 5, 2023, [Appellant] and his co-defendant, Jessica Gioiosa ("Gioiosa"), beat the decedent, Harry Lee Strong, to death with metal rods in an abandoned home [on] Sharswood Street in Philadelphia. Gioiosa had been living in the home on the third floor and the decedent was staying in a room on the second floor.

Shawn Barnes ("Barnes") and his wife, Risha Bacon, were staying at the residence with the permission of [Gioiosa]. On the day of the incident, Gioiosa and [Appellant] were smoking methamphetamine throughout the day. Barnes observed, in his

_____

[1] 18 Pa.C.S. §§ 2502(c), 903, 907(a), and 4910(1), respectively.

words, that Gioiosa was acting crazy and screaming to herself. [Appellant] went up to Gioiosa's room with her at approximately 8:30 p.m. Barnes and his wife left the house shortly after.

While Barnes and his wife were out of the house, Gioiosa came downstairs and began arguing with the decedent, after which Gioiosa went upstairs to her room to get [Appellant]. The two of them went down to the decedent's room with threaded metal rods in hand, forced the door open, and [Appellant] began beating the decedent with one of the rods, striking him on the face and head. [Appellant] climbed on top of the decedent, put the rod against his neck, and began to choke him.

The decedent suffered nineteen blunt-force injuries to the face and head and hemorrhaging all over the head. The decedent suffered an asphyxia injury that included multiple patterned contusions, abrasions, and hemorrhaging to the soft tissues of the neck. The cause of death was multiple blunt-impact injuries and asphyxia, and the manner of death was ruled a homicide.

Shortly after the attack, [Appellant] and [Gioiosa] put the rods, then covered in the decedent's blood, in a bag. It was at this time that Barnes and his wife returned home and saw [Appellant] and Gioiosa fleeing the property with the bag. Barnes told his wife to stay outside, he called 911, and he discovered the decedent laying facedown on his bed. There was blood on the bedroom door, and the door had been kicked in. Barnes and his wife each identified [Appellant] and [Gioiosa] to police.

[Appellant] was Mirandized,[2] after which he directed the detectives to the sewer where he left the rods. The bag with the threaded rods was recovered by homicide detectives. Both rods were covered in blood.

Trial Ct. Op., 7/22/24, at 2-3.

On April 5, 2024, Appellant entered an open guilty plea to third-degree murder, conspiracy, PIC, and tampering with evidence. *See* N.T. Guilty Plea, 4/5/24, at 20-21. On June 14, 2024, the trial court sentenced Appellant to a

_____

[2] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

term of fifteen to thirty years' incarceration for third-degree murder, a concurrent term of fifteen to thirty years' incarceration for conspiracy to commit third-degree murder, and the trial court imposed no penalty for PIC and tampering with evidence. *See* N.T. Sentencing Hr'g, 6/14/24, at 26.

Appellant filed timely post-sentence motions for reconsideration of his sentence, which the trial court denied. Appellant subsequently filed a timely appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant presents the following issue:

> Did the trial court abuse its discretion in imposing an aggregate sentence of fifteen (15) to thirty (30) years following an open guilty plea?

Appellant's Brief at 5 (some formatting altered).

Appellant challenges the discretionary aspects of the sentences imposed for both third-degree murder and for conspiracy in a single issue and single argument section in his brief.[3] Specifically, Appellant argues that the trial court focused on only the severity of the crimes and failed to consider mitigating factors. *See id.* at 4.

---

[3] *See* Pa.R.A.P. 2119(a) (stating that "[t]he argument shall be divided into as many parts as there are questions to be argued"). We do not condone Appellant's failure to comply with the Rules of Appellate Procedure. However, because Appellant's noncompliance does not impede our review, we decline to find waiver on this basis. *See, e.g.*, *Commonwealth v. Levy*, 83 A.3d 457, 461 n.2 (Pa. Super. 2013) (declining to find waiver on the basis of the appellant's failure to comply with the Rules of Appellate Procedure, where the errors did not impede this Court's review).

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific

- 4 -

provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Grays***, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved this issue by raising it in his post-sentence motion, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in his brief. ***See Corley***, 31 A.3d at 296. Further, Appellant's claim raises a substantial question for our review. ***See Commonwealth v. Knox***, 165 A.3d 925, 929-30 (Pa. Super. 2017) (stating that "[a] claim that the trial court focused exclusively on the seriousness of the crime while ignoring other, mitigating circumstances . . . raises a substantial question" (citation omitted)).[4]

_____

[4] In the argument section of his brief, Appellant also mentions that the trial court applied an incorrect offense gravity score (OGS) and imposed a sentence above the sentencing guidelines for the conspiracy to commit third-degree murder count. ***See*** Appellant's Brief at 9-10. However, this issue was not raised in Appellant's post-sentence motion, Rule 1925(b) statement, Rule 2119(f) statement, or in Appellant's statement of the questions involved in his brief. Accordingly, this issue is waived. ***See Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (explaining that challenges to the discretionary aspects of a sentence must be included in a post sentence motion); Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"); Pa.R.A.P. 1925(b)(4)(vii) (providing that issues not included in the Rule 1925(b) statement are waived on appeal); ***Commonwealth v. Harris***, 979 A.2d 387, 397 (Pa. Super. 2009) (holding that under Pa.R.A.P. Rule 2116, a claim is waived when not included in the statement of questions presented). In any event, were we to reach this issue, we would conclude that Appellant's claim is meritless. Due to the serious bodily injuries Appellant caused to the decedent, we would not conclude that the trial court erred or abused its

*(Footnote Continued Next Page)*

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

---

discretion in concluding that the OGS for conspiracy to commit third-degree murder is 14. **See** 204 Pa. Code § 303.3(c)(4). Because Appellant's prior record score was three, the standard range guideline sentence for conspiracy to commit third-degree murder with the deadly weapon enhancement (used) is 138 months to the statutory limit of 240 months of incarceration. **See** 204 Pa. Code § 303.17(b); 18 Pa.C.S. 1102(c). As such, the fifteen-to-thirty-year sentence the trial court imposed for conspiracy to commit third-degree murder was well within the standard range of the applicable sentencing guidelines.

- 6 -

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Commonwealth v. Raven*, 97 A.3d 1244, 1253-54 (Pa. Super. 2015) (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on [the] victim and community, and [the] rehabilitative needs of the defendant[.]" *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted).

Additionally, the trial court "must consider the sentencing guidelines." *Fullin*, 892 A.2d at 848 (citation omitted). However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all

appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Edwards***, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered).

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. ***See Commonwealth v. Kurtz***, 294 A.3d 509, 536 (Pa. Super. 2023), *appeal granted on other grounds*, 306 A.3d 1287 (Pa. 2023). In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of sentencing court where lower court was fully aware of all mitigating factors[.]" ***Id.*** (citation omitted).

Here, the trial court imposed a sentence of fifteen to thirty years' incarceration for third-degree murder with a concurrent sentence of fifteen to thirty years of incarceration for conspiracy to commit third-degree murder. ***See*** N.T., 6/14/24, at 26. In its Rule 1925(a) opinion, the trial court explained:

> This [c]ourt sentenced [Appellant] to an aggregate term of fifteen to thirty years of imprisonment after considering the seriousness of the crimes, the protection of the public, the sentencing guidelines, [Appellant's] criminal history, and his rehabilitative needs. After reviewing the [PSI] and mental health reports, this [c]ourt imposed a fair and appropriate sentence considering the brutality of the offense, in which [Appellant] repeatedly bludgeoned the decedent in the head with a metal rod, and the attempt by [Appellant] to conceal the crime by disposing of the murder weapon.
>
> This [c]ourt imposed standard range sentences on [both] counts. Given [Appellant's] prior record score of three and an offense

gravity score ("OGS") of fourteen, the standard range guideline sentence for third-degree murder with deadly weapon enhancement (used) is 138 [months] to the statutory limit [of 240 months] of incarceration. This [c]ourt imposed a standard range sentence of fifteen to thirty years of incarceration. For conspiracy to commit third-degree murder, with an OGS of fourteen and a deadly weapon enhancement (used), the standard range guideline sentence is 138 [months to the] statutory limit [of 240 months of] incarceration. This court imposed a concurrent term of fifteen to thirty years of incarceration. . . .

While this Court certainly did consider the gravity of the offense and impact on the victim's family in fashioning its sentence, including hearing from the decedent's mother about the loving and helpful person her son was, his passion for working on cars, and the devastating impact his murder had on her, leaving her alone and in pain, it also considered all the relevant mitigating factors including [Appellant's] age, family support, school record, mental health history, drug abuse, and the fact that he accepted responsibility by pleading guilty. N.T. 6/14/2024 at 14-15, 19-20.

After weighing all the relevant factors, this [c]ourt arrived at [a] well-reasoned and just sentence, given the brutal and outrageous nature of the crime. The attack required sustained physical actions on the part of [Appellant], including an attempt to choke the decedent out after striking him nineteen times to the head and face. [Appellant] presents an immediate danger to the public, with a prior record comprised of numerous violent acts and a failure to learn from his mistakes. Any less of a sentence would denigrate the seriousness of the offense, the horrific nature of the murder, and the danger that [Appellant] poses to the public. N.T. 6/14/2024 at 24-26.

Trial Ct. Op., 7/22/24, at 4-6 (some formatting altered).

Based on our review of the record, we discern no abuse of discretion by the trial court. *See Raven*, 97 A.3d at 1253. As noted, the trial court ordered a PSI report, which it reviewed prior to sentencing. *See* N.T., 6/14/24, at 3. Therefore, we presume that the trial court was aware of the mitigating factors

and considered them when imposing Appellant's sentence. ***See Edwards***, 194 A.3d at 638; ***see also Kurtz***, 294 A.3d at 536. This Court will not re-weigh the trial court's consideration of those factors on appeal. ***See Kurtz***, 294 A.3d at 536; ***see also Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa. Super. 2009) (explaining that the appellate court cannot reweigh sentencing factors and impose its judgment in place of sentencing court where the lower court was fully aware of all mitigating factors).

Further, the trial court considered the applicable Sentencing Guidelines and the relevant sentencing factors in crafting Appellant's sentence. ***See*** N.T., 6/14/24, at 3, 15-19. Therefore, we have no basis to conclude that Appellant's sentence was clearly unreasonable. ***See Raven***, 97 A.3d at 1254; ***see also Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa. Super. 2014). For these reasons, we conclude that Appellant is not entitled to relief. Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/11/2025

- 10 -