J-S31038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
JEAN PAUL JOVIN   :
  :
Appellant   :   No. 2238 EDA 2024

Appeal from the Judgment of Sentence Entered May 31, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008497-2019

BEFORE: PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:      **FILED SEPTEMBER 23, 2025**

Appellant Jean Paul Jovin appeals from the judgment of sentence imposed after a jury convicted him of rape of a child and related offenses. Appellant challenges the weight of the evidence and the discretionary aspects of his sentence. We affirm.

The underlying facts of this matter are well known to the parties. *See* Trial Ct. Op., 10/2/24, at 1-9. Briefly, Appellant was charged with multiple offenses based on allegations that he sexually abused his minor half-sister, N.J., on multiple occasions between 2001 and 2010. *See id.* at 1-2. The trial court explained that during the jury trial, "N.J. testified in open court in a logical, clear, and plausible manner." *Id.* at 13. Ultimately, Appellant was convicted of corruption of minors, rape of a child, involuntary deviate sexual

intercourse, aggravated indecent assault of child, aggravated indecent assault of a child by forcible compulsion, and unlawful contact with a minor.[1]

On May 31, 2024, the trial court sentenced Appellant to an aggregate term of ten to twenty years' incarceration followed by five years of probation.[2]

Appellant filed a post-sentence motion, which the trial court denied. Thereafter, Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues for review:

1. Did the trial court err when it denied Appellant's post- sentence motion that the jury's guilty verdicts to the charges of rape of a child, involuntary deviate sexual intercourse with a child, unlawful contact with a minor, aggravated indecent assault of

---

[1] 18 Pa.C.S. §§ 6301(a)(1)(ii), 3121(c), 3123(b), 3125(b), 3125(a)(2), 6318(a)(1).

[2] Specifically, the trial court sentenced Appellant to concurrent terms of incarceration as follows: ten to twenty years for rape of a child, ten to twenty years for involuntary deviate sexual intercourse, five to ten years for aggravated indecent assault of a child by forcible compulsion, ten to twenty years for aggravated indecent assault of a child, three and a half years to seven years for unlawful contact with a minor, followed by five years' probation to for corruption of a minor. *See* Sentencing Order, 5/31/24.

Further, we note that the trial court was not required to impose a three-year term of consecutive probation pursuant to 42 Pa.C.S. § 9718.5 because Appellant committed these offenses prior to the effective date of Section 9718.5. *See, e.g., Commonwealth v. Fluelling*, 2986 EDA 2023, 2025 WL 1076121, at *4 (Pa. Super. filed Apr. 7, 2025) (unpublished mem.); *see also* Pa.R.A.P. 126(b) (stating that unpublished memoranda filed after May 1, 2019 may be cited for persuasive value).

a child, and corrupting the morals of a minor were against the weight of the evidence?

2. Did the trial court err when it sentenced Appellant to a total term of ten to twenty years of incarceration without considering all relevant information presented by the Appellant at sentencing?

Appellant's Brief at 4.

## Weight of the Evidence

In his first claim, Appellant argues that the verdict was against the weight of the evidence. *Id.* at 11. Specifically, Appellant asserts that the trial court "ignored the evidence of record, misconstrued testimony of multiple witnesses and did not properly weigh the evidence presented by the defense against the testimony of N.J." *Id.* at 12. Appellant further contends that in denying his post-sentence motion, the trial court "failed to conduct anything more than a cursory review of the evidence presented at trial" and claims that "N.J.'s testimony concerning the abuse by Appellant was vague and contradicted by other evidence." *Id.* at 14. Appellant concludes that the verdict was against the weight of the evidence and that the trial court erred in focusing "solely on N.J.'s testimony" and "[b]y ignoring the numerous inconsistencies in her testimony, coupled with the unchallenged evidence presented by Appellant that contradicted many of N.J.'s accusations." *Id.* at 15.

In reviewing a challenge to the weight of the evidence, we are governed by the following standard of review:

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Windslowe*, 158 A.3d 698, 712 (Pa. Super. 2017)

(citations omitted).

As this Court has repeatedly stated,

[t]he weight of the evidence is exclusively for the finder of fact, who is free to believe all, none, or some of the evidence and to determine the credibility of the witnesses. Resolving contradictory testimony and questions of credibility are matters for the finder of fact. It is well-settled that we cannot substitute our judgment for that of the trier of fact.

\* \* \*

Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Furthermore, in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

***Commonwealth v. Spence***, 290 A.3d 301, 311 (Pa. Super. 2023) (citations omitted and formatting altered).

Here, the trial court explained:

In Appellant's case, the Commonwealth produced the only evidence needed for the jury to find Appellant guilty: N.J.'s testimony. As stated above, as the victim of the sexual abuse at issue, N.J.'s testimony alone is enough to satisfy the government's burden of proof of each element of each crime. The jury also heard from Appellant.

The jury viewed the demeanor of each witness and heard the tone and tenor of their voices. The jury was free to believe some, part, or none of the testimony, including N.J.'s and Appellant's. Apparently, the jury believed N.J.'s testimony beyond a reasonable doubt, and properly found Appellant guilty. Therefore, Appellant's claim is meritless, and no relief is due.

Trial Ct. Op. at 14.

Based on our review of the record, we discern no abuse of discretion by the trial court in denying Appellant's weight claim. ***See Windslowe***, 158 A.3d at 712. The finder of fact was free to believe all, none, or some of the evidence and to determine the credibility of the witnesses. ***See Spence***, 290 A.3d at 311. Although Appellant claims that the victim's testimony was not credible, we cannot substitute our judgment for that of the trier of fact. ***See id.*** Therefore, Appellant is not entitled to relief on his weight-of-the-evidence claim. For these reasons, Appellant is not entitled to relief.

**Discretionary Aspects of Sentencing**

In his remaining claim, Appellant challenges the discretionary aspects of his sentence. Appellant's Brief at 16. Specifically, Appellant argues that

his sentence is excessive and the trial court "failed to place sufficient reasons on the record to support a sentence at the top of the standard range." *Id.* at 15, 20. Appellant claims that the trial court did not consider any mitigating factors and that, "[t]o the extent that [the trial court] gave reasons [for its sentence], they are legally deficient because the reasons have been accounted for in the statute." *Id.*

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a)

(stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, Appellant preserved his sentencing issues in a post-sentence motion and filed a timely appeal. "Additionally, Appellant has included a concise statement of reasons relied upon for allowance of appeal with respect to discretionary aspects of sentence as required by Rule 2119(f). *See* Appellant's Brief at 15-17. "Further, Appellant's claim raises a substantial question for our review. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2015) (holding that "[t]his Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question" (citation omitted)).

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the

sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Raven*, 97 A.3d at 1253-54 (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public,

[the] gravity of offense in relation to impact on [the] victim and community, and [the] rehabilitative needs of the defendant[.]" ***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Commonwealth v. Schutzues***, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted).

Additionally, the trial court "must consider the sentencing guidelines." ***Fullin***, 892 A.2d at 848 (citation omitted). However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Edwards***, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered).

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. ***See Commonwealth v. Kurtz***, 294 A.3d 509, 536 (Pa. Super. 2023), *appeal granted on other grounds*, 306 A.3d 1287 (Pa. 2023). In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of sentencing court where lower court was fully aware of all mitigating factors[.]" ***Id.*** (citation omitted).

Here, at sentencing, the trial court noted that it had considered the PSI report, and the sentencing memoranda prepared by counsel for both the Commonwealth and Appellant. N.T. Sentencing Hr'g, 5/31/24, at 14. The trial court also heard a statement from Appellant. *Id.* at 12.

Thereafter, the trial court explained:

And also I want to put into the record the guidelines on the offense gravity score to make sure everybody's in agreement. I did see both your memos and you're in a hundred percent agreement, but I'll just put it on the record.

It is a prior score of zero, nobody's contesting that.

The rape charge is an offense gravity score of 14. The guidelines would then be 72 to the statutory limits plus or minus 12.

Involuntary deviate sexual intercourse with a child, offense gravity score of 14, same guidelines, 72 [to the] statutory limit plus or minus 12.

Unlawful contact with a minor, offense gravity score of 14. Again, same set, 72 to the statutory limit plus or minus 12.

The aggravated indecent assault of a child that is an offense gravity score of 12. The guidelines would be 48 to 66 plus or minus 12.

And aggravated indecent assault forcible compulsion, the offense gravity score of 10. Guidelines 22 to 36 plus or minus 12.

And finally, corruptions of a minor, the offense gravity score is a five. The guidelines are RS to 9, plus or minus 3. And I saw on both memos you both had exactly the same.

\* \* \*

So the court has considered both the defense memorandum, the Commonwealth memorandum, and I have also considered the presentence investigation, as well as the facts that were presented to the jury and the verdict that was reached in this matter.

I know everybody knows that I don't like these cases, because it's horrible. How do you undo the harm to a child? I don't know

- 10 -

even know how you un-ring that bell, you can't. She's going to have to go through years of therapy. And her whole -- your formative years totally affected by something so repulsive and horrible where she did nothing but be an innocent child while she was victimized repeatedly by [Appellant]. And I've seen in the presentence report -- and you have every right, [Appellant], you keep saying you're innocent and that's your prerogative. But to me, it just goes to show the nature of these offenses where children are basically considered being property and you can do anything you want to them. I mean, you tell me you have two children. I can't imagine as a father you heard somebody did something to your children and how you would feel. So I have that factor. It's 10 years of her life. She can never get it back and I hope she has the strength to heal and move forward and I hope she has been able to do that. And so one of my things as a judge is to give justice to her. And I heard her statement, keep asking for justice, that is a factor. However, I do know that there is also the other factor.

What has [Appellant] done in his life? What has he shown to be whether or not he can get back into the community and be a productive member of society. I know he has family. And I know he has people in [the] community that support him and he has done a lot of positive things since this time of this horrible incident. It does show something to me that although he is not coming forward and admitting to what he did, he's going to have to work on that, he has led his life in such a way that it's not something that I take lightly. I do think he has character. There's something that he's turned his life around. He went into the military. He's held a job, went to college. Those are positive things that I don't turn my back on. So those are my balancing factors.

So although I understand the Commonwealth's request to make consecutive as the events, because I do know it's an ongoing thing and I don't take that lightly, I do offset it though with what [Appellant] has done in his life since he did this terrible tragic thing to the complainant. So with that balance, I'm going to do the following on my sentence with all the factors given and all of everything in the memorandums and what I've taken into account.

*Id.* at 12-16.

In its Rule 1925(a) opinion, the trial court explained:

- 11 -

> In the instant matter, the sentence levied upon Appellant is within the standard range of the guidelines, and although Appellant presented mitigating factors, the trial court provided its reasons not to impose the requested mitigated sentence. Therefore, Appellant's claim is meritless, and no relief is due.

Trial Ct. Op. at 16-17.

Based on our review of the record, we discern no abuse of discretion by the trial court. *See Raven*, 97 A.3d at 1253. The trial court ordered a PSI report, which it reviewed prior to sentencing. *See* N.T. Sentencing Hr'g, 5/31/24, at 3. Therefore, we presume that the trial court was aware of the mitigating factors and considered them when imposing Appellant's sentence. *See Edwards*, 194 A.3d at 638; *see also Kurtz*, 294 A.3d at 536. Further, the trial court noted that it considered the sentencing guidelines, the PSI report, and relevant sentencing factors in crafting Appellant's sentence. *See* N.T. Sentencing Hr'g, 5/31/24, at 14-16. This Court will not re-weigh the trial court's consideration of those factors on appeal. *See Kurtz*, 294 A.3d at 536; *see also Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) (explaining that the appellate court cannot reweigh sentencing factors and impose its judgment in place of a sentencing court where the lower court was fully aware of all mitigating factors). Finally, we have no basis to conclude that Appellant's sentence was clearly unreasonable. *See Raven*, 97 A.3d at 1254; *see also Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014). Therefore, Appellant is not entitled to relief. Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/23/2025