J-A09030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS F. MICHEL III | : | |
| | : | |
| Appellant | : | No. 940 WDA 2024 |

Appeal from the Judgment of Sentence Entered July 30, 2024
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s):  CP-03-CR-0000522-2023

BEFORE:  KUNSELMAN, J., NICHOLS, J., and LANE, J.

MEMORANDUM BY NICHOLS, J.:                 **FILED:  February 3, 2026**

Appellant Thomas F. Michel III appeals from the judgment of sentence imposed following his convictions for simple assault and harassment.[1]  On appeal, Appellant challenges the discretionary aspects of his sentence.  After review, we vacate Appellant's judgment of sentence and remand with instructions.

The underlying facts of this matter are well known to the parties.  ***See*** Trial Ct. Op., 10/3/24, at 1-2.  By way of background, Appellant was charged with two counts each of harassment and simple assault based on allegations that he had a physical altercation with the mother of his infant daughter in 2023.  Ultimately, he was convicted of one count each of simple assault and harassment.  Prior to sentencing, Appellant filed a sentencing memorandum

_____

[1] 18 Pa.C.S. § 2701 §§ (a)(1) and 2709(a)(1), respectively.

in which he explained that his prior record score (PRS) had been miscalculated, as it included a 2014 conviction for failure to comply with the Sex Offender Registration and Notification Act's (SORNA I)[2] registration requirements, a statute that was subsequently ruled unconstitutional. **See** Appellant's Sentencing Mem., 7/29/24, at 1-4 (unpaginated). Therefore, Appellant argued that his PRS was a three, rather than a five. **Id.** at 2-5.

At sentencing, the trial court noted that although Appellant claimed that his PRS was a three, the probation department had determined that it was a five based on his 2014 conviction. **See** N.T. Sentencing Hr'g, 7/30/24, at 18. Ultimately, the trial court sentenced Appellant to nine to twenty-four months' incarceration. **See id.**

Appellant filed a timely post-sentence motion seeking to modify his sentence. Therein, Appellant requested that the trial court allow him to serve the remainder of his sentence on Electronic Home Monitoring. **See** Motion to Modify Sentence, 8/5/24. After Appellant filed a notice of appeal the following day, the trial court denied Appellant's motion. Appellant subsequently filed a court-ordered Pa.R.A.P. 1925(b) statement, and the trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issue for review:

Did the trial court abuse its discretion by considering the invalid, illegal, and unconstitutional conviction as part of Appellant's [PRS]?

---

[2] Formerly 42 Pa.C.S. §§ 9799.10-9799.41.

Appellant's Brief at 4.

Appellant argues that the trial court incorrectly calculated his PRS by considering his "2014 conviction for failure to comply with registration of sexual offenders, which is a charge that is no longer enumerated within the Pennsylvania Crimes Code, as it was found to be unconstitutional." *Id.* at 11. Appellant also asserts that the trial court "acted in a manifestly unreasonable manner, as the trial court sentenced Appellant according to the recommendation contained in the presentence investigation [(PSI)] report, although the prior record score was noted as incorrect." *Id.* at 11-12. Therefore, Appellant requests that his "illegal, invalid, and unconstitutional conviction [be] removed from his record, so this [PRS] issue can never occur again" and "wishes to be resentenced to a period of incarceration that is more appropriate under the Sentencing Guidelines, with consideration of Appellant's proper prior record score." *Id.* at 16.

Initially, we note that "[i]t is well-settled that a challenge to the calculation of a [PRS] goes to the discretionary aspects, not legality, of sentencing." *Commonwealth v. Shreffler*, 249 A.3d 575, 583 (Pa. Super. 2021) (citation omitted). "[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for

- 3 -

allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

**Commonwealth v. Corley**, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." **Commonwealth v. Malovich**, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); **see also** Pa.R.A.P. 302(a).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Battles**, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Grays**, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved this issue by raising it at the sentencing hearing, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in his brief. **See Corley**, 31 A.3d at 296. Further, Appellant's claim raises a substantial question for our review. **See Commonwealth v. Spenny**, 128

A.3d 234, 242 (Pa. Super. 2015) (stating that a claim that a trial court miscalculated an appellant's PRS score raises a substantial question). Therefore, we will review Appellant's claim.

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted).

For purposes of determining a PRS, prior convictions are defined as follows:

**(a) Prior convictions and adjudications of delinquency.**

(1) A prior conviction means "previously convicted" as defined in 42 Pa.C.S. § 2154(a)(2). A prior adjudication of delinquency means "previously adjudicated delinquent" as defined in 42 Pa.C.S. § 2154(a)(2). In order for an offense to be considered in the [PRS], both the commission of and conviction for the previous offense must occur before the commission of the current offense.

204 Pa. Code § 303.8(a)(1).

This Court has explained that the calculation of a defendant's PRS should not include convictions for statutes that were subsequently deemed unconstitutional. ***See Commonwealth v. Jimenez***, 2022 WL 17588519 at

*6 (Pa. Super. filed Dec. 13, 2022) (unpublished mem.);[3] **see also** 204 Pa. Code 303.8(f) (stating that "[w]here the prior conviction was for a violation of a statute that has been held to be unconstitutional, that prior conviction should not be counted in the PRS"); Sentencing Guidelines Implementation Manual, (12/28/12, 7th Ed. at 154) (explaining that "[w]here the prior conviction was for a violation of a statute that has been held to be unconstitutional, that prior conviction should not be counted in the PRS").

Here, Appellant was convicted for failing to comply with SORNA I's registration requirements on December 2, 2014. This conviction occurred after SORNA I had been introduced, but before SORNA II was implemented.

In addressing Appellant's challenge to the calculation of his PRS, the trial court explained:

> Prior to [Appellant's] sentencing, [the court] reviewed the [PSI] prepared by the Armstrong County Probation Department. The PSI includes [Appellant's] 2014 conviction in Westmoreland County on a charge of failure to comply with registration of sexual offenders. [Appellant] asserts that this conviction should not have been counted as a prior offense in calculating the [PRS] for the instant case.
>
> Other than counsel's recitation of facts in [Appellant's] sentencing memorandum, there is no record of the facts and circumstances of the 2014 conviction. [This court is] not able to make any findings of fact with respect to that conviction, let alone any conclusions of law. Any direct or collateral attack on the 2014 conviction would necessarily have occurred in Westmoreland County, and the record in this case is devoid of any information in that regard.

---

[3] **See** Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

It should be noted that even if the 2014 conviction were not included in the calculation of [Appellant's [PRS], the nine month minimum would still be in the middle of the standard range of minimum sentences.

Trial Ct. Op. at 4-5 (some formatting altered).

Following our review of the record, we conclude that the trial court abused its discretion by including Appellant's 2014 in its calculation of Appellant's PRS without determining whether Appellant was convicted under a statute that was subsequently deemed unconstitutional. *See Raven*, 97 A.3d at 1253; *see also Jimenez*, 2022 WL 17588519 at *6; 204 Pa. Code § 303.8(a)(1).

Therefore, we conclude that remand is necessary for the trial court to assess the validity of the 2014 conviction **solely** for purposes of calculating Appellant's PRS and determining whether his 2014 conviction should be considered under Section 303.8(f).

If Appellant was convicted for violating an unconstitutional statute, then there is support for Appellant's argument that his 2014 conviction should not have been included in the calculation of his PRS. *See Jimenez*, 2022 WL 17588519 at *6204; *see also* Sentencing Guidelines Implementation Manual, Commentary at 154 (concerning offenses that have been held to be unconstitutional). However, if Appellant was convicted for conduct that remains criminal, then there is support for the trial court to include the 2014 conviction in Appellant's PRS.

For these reasons, we are constrained to vacate Appellant's judgment of sentence and remand this case to the trial court for further proceedings. *See Jimenez*, 2022 WL 17588519 at *6. On remand, we direct the trial court hold a new sentencing hearing to consider Appellant's 2014 conviction, determine whether that conviction stemmed from a statute that was later deemed unconstitutional, and address whether that conviction should be included in Appellant's PRS.

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 2/3/2026